72     43
s40NW   50
r147US 242
r37Led 152
r13SC  244

CALIXTE D. BERNIER ET AL. v. ALFRED BERNIER ET AL.

*Equity practice—Answer—Want of signature and verification— Revised statutes of the United States—Homestead laws— Uncompleted entry—Rights of minor children.*

1. The lack of the signature of the defendant to his answer is a fatal defect on motion to strike from the files, if not waived by replication. *Kimball v. Ward,* Walk. Ch. 439.

2. A bill seeking to have settled in equity matters capable of enforcement at law should be verified, and when such relief is asked by a defendant in his answer, under rule 123, the answer *must* be verified.

3. The Revised Statutes of the United States, being a new act of legislation, cannot be governed by previous legislation when they differ from it.

4. Congressional debates cannot be much; if at all, regarded on matters of verbal construction of acts of Congress. The language used must be given effect, if it has a consistent meaning, and it is matter of familiar knowledge that members voting for a bill do not always act on the same understanding.

5. There is no act of Congress allowing undivided interests to be granted either to homesteaders or pre-emptioners.

6. Section 2292 of the Revised Statutes of the United States covers every case where there are minor children surviving *both* parents, and in terms gives them the *entire* estate in an uncompleted homestead entry to the exclusion of the adult children.

Appeal from Chippewa. (Steere, J.) Argued October 10 and 11, 1888. Decided October 19, 1888.

Bill by adult heirs to have a trust declared in their favor to make them share ratably in an uncompleted homestead entry. Defendants appeal. Decree reversed and bill dismissed. The facts are stated in the opinion.

*Brennan & Donnelly (Lawrence F. Bedford,* of counsel), for complainants, contended:

1. Section 2292, Rev. Stat. U. S., was intended solely to apply to a case where neither widow nor major children survive, and to provide for the infants getting the benefit of the parents' industry by a sale of the homestead interests; citing *Crumb v. Hambleton,* 86 Mo. 501.

2. Where the government issues the patent to the wrong person by reason of a wrong construction of the law, a court of equity will review the action of the officer, and declare the patentee to be a trustee for the benefit of the parties properly entitled to the land; citing *Johnson v. Towsley,* 13 Wall. 82, 88; *Samson v. Smiley,* Id. 91, 92; *Shepley v. Cowan,* 91 U. S. 330; *Steel v. Smelting Co.,* 106 Id. 452; *Quinby v. Conlan,* 104 Id. 420; *Nelson v. Sims,* 23 Miss. 383; *Danforth v. Morrical,* 84 Ill. 456; *Gibson v. Heirs,* 39 Mo. 594.

*George A. Cady,* for defendants, contended for the rule laid down in the opinion.

CAMPBELL, J. The bill in this cause was filed by complainants, who were heirs of full age of Edward Bernier when he died, in June, 1876, against defendants, who are children or grantees of children not then of age, to settle their common rights under a homestead entry which he made in 1875, and to which, therefore, his title had not become absolute when he died. After his death, complainants, on behalf of all of his heirs at law, elected to make a pre-emption entry and full payment in advance of the five years, as allowed by the homestead act, and did so in the name of them all. In the General Land-

office this was so changed as to make the patent issue to the "minor heirs" only. Complainants do not seem to have noticed this change until shortly before this suit was brought, when, by reason of a sudden advance in value, it was discovered when the property became desirable for sale. A part of the children who were minors at their father's death were disposed to acquiesce in complainants' rights to share as heirs. The others, when they discovered the condition of affairs, refused to do so. This bill was filed to have a trust declared in complainants' favor to make them share ratably in the land.

John H. Goff, who was grantee of Alfred Bernier, put in a separate answer. Matilda Bernier Endress and Edward Bernier also answered. The other defendants put in no defense, and have not appealed from the decree rendered in favor of complainants. Both of these answers claimed the benefit of a cross-bill. But neither of them was signed by the defendants, and neither was sworn to. The lack of signature would have been a fatal defect on motion to strike from the files, if not waived, as it was waived, by replication. *Kimball v. Ward*, Walk. Ch. 439. The lack of signature may become important, both as to admissions to be used elsewhere, and as to liability for scandal and impertinence, and the defect is not purely formal. The lack of verification seems, however, to be also material. As pointed out in *Moore v. Cheeseman*, 23 Mich. 332, a bill should be verified when it seeks to have settled in equity matters capable of enforcement at law, and it can hardly be allowed by resorting to an answer instead of a cross-bill to get rid of a rule which would be applied to such a bill. As the answer itself could not be objected to on any such ground where oath is waived, there is no way to reach this defect except when relief is asked upon it. Possibly a verification might be allowed on the hearing *nunc pro tunc*, when no injustice would

follow.  But rule 123 is positive as to the necessity of an oath.  In the present case, whatever rights defendants have are so purely legal that they do not seem to us to be entitled to stand in equity for anything but a defense. They are open to the further objection that, by answering separately, and by the fact that some defendants did not answer at all, the litigation would be split up into several branches if any relief were granted as asked.  We do not feel called on to do more than consider the rights of complainants in the homestead itself as heirs at law.  This depends on the statute, which, at the time the homestead entry was made, as well as when the patent issued, was governed by the Revised Statutes of the United States.

The questions arise under what now is contained in sections 2291 and 2292 of these statutes.  The Revised Statutes, being a new act of legislation, cannot be governed by previous legislation when they differ from it. The difference which exists is, however, not much more than a slight change of language, and the transfer of a *proviso* into a separate section.

The conditions on which a homestead entry must be completed, so far as important here, are as follows:

By section 2291 it is enacted:

"No certificate, however, shall be given or patent issued therefor, until the expiration of five years from the date of such entry; and if, at the expiration of such time, or at any time within two years thereafter, the person making such entry; or if he be dead, his widow; or, in case of her death, his heirs or devisee; or, in case of a widow making such entry, her heirs or devisee in case of her death,"—upon proper proof shall be entitled to a patent.

Section 2292 provides as follows:

"In case of the death of both father and mother, leaving an infant child or children under twenty-one years of age, the right and fee shall inure to the benefit of such

infant child or children; and the executor, administrator, or guardian may, at any time within two years of the death of the surviving parent, and in accordance with the laws of the state in which such children, for the time being, have their domicile, sell the land for the benefit of such infants, but for no other purpose; and the purchaser shall acquire the absolute title by the purchase, and be entitled to a patent from the United States on the payment of the office fees and sum of money above specified."

There is apparently no authority for issuing a patent under this section directly to the minor heirs, but on the argument it was conceded that, if they were the only persons for whom the homestead interest could have been enforced, the complainants could not question the patent, and this does not seem to be material.

Some reference was made on the argument to congressional debates; but they cannot be much, if at all, regarded on matters of verbal construction. The language used must be given effect if it has any consistent meaning, and it is matter of familiar knowledge that members voting for a bill do not always act on the same understanding. A bill must be separately acted on by both Houses, and approved by the President, and it would be contrary to experience to assume that all three must have acted on absolutely identical information and views.

On examining the section 2291, on which the rights of the general heirs are based, it will be seen at once that this section does not treat the land as heritable, but makes the estate go by designation of persons. If there is a widow, the heirs take nothing. She may not be the mother of the heirs, or of any of them, but she absolutely and completely bars them out. This of itself indicates that the homestead has more reference to actual family occupancy than to inheritance, which may or may not coincide with family residence. We cannot, therefore, assume that any particular significance attaches to heir-

ship.   Children, if there are any, are heirs, but collaterals
take where there are no children, and where, therefore,
the home has ceased to exist.   So even minor and depend-
ent children of an earlier marriage must give way to the
second wife, and be cut off if she survives.   No consid-
eration of supposed equity can save them.   The language
of the law is not open to ambiguous construction.

The next section, 2292, by its language, covers every
case where there are minor children surviving both parents,
and in terms gives them the entire estate.   In order to
graft a qualification on it, we must assume that the heirs
general are by the previous section made favorite and uni-
versal successors.   But this, as already seen, is not the
case; and even children are cut off, where the hard-
ship is manifest.   Section 2292 does not stop with the
general terms in favor of minors, but gives directions how
their interest are to be saved, quite inconsistent with the
idea of any other participants.   It contemplates that a
sale may be made by the personal representative or
guardian.   This sale is not of an undivided interest in
the land, but of all the land.   In the present case, for
example, the heirs of full age might not have cared to
prove up their homestead right, or to commute it by pur-
chase.   Had they seen fit to proceed on their own behalf
alone, if entitled at all, they could have obtained only an
undivided share.   But there is no act of Congress allow-
ing undivided interests to be granted either to home-
steaders or pre-emptioners.   The same difficulty would have
attached to any effort to save an undivided share for the
minors.

It is very easy to see that this legislation is in some
respects imperfect.   But we do not think the language of
section 2292 is consistent with giving the minors any less
than the whole estate.

The fact that the land department has so construed the

law would not bind the courts, if contrary to the evident meaning of the language. But the language cannot be construed differently without straining its meaning. And the fact that the construction by the office has been not only uniform, but long continued, and, if incorrect, would probably have led to further legislation to remove the wrong, if deemed a wrong, is of some significance on that account, as well as for its reason.

In our opinion the complainants made out no case, and the bill should have been dismissed. But we are not prepared to say that the case is not one where they had reasons justifying them in seeking to have the doubts settled. We are disposed, in reversing the decree as to the appealing parties, and dismissing the bill as against them, to leave parties to pay their own costs.

The other Justices concurred.