'Filed March 1, 1893.

---

No. 687.

LOUISVILLE, EVANSVILLE & ST. LOUIS CONSOLIDATED RAILROAD
COMPANY v. LOHGES.

RAILROAD.—*Trespasser upon Track.*—*Rule as to Care Required of Company.*
—*Action for Death of Child.*—The rule as to the degree of care required by a railroad company as to trespassers upon its track differs when applied to a person of mature years and to a child of tender years. As to the former, when they do not appear under disability, the company owes no duty except not to willfully injure them; but as to the latter the company is under obligation to use care to prevent an injury, after their presence is discovered.

Louisville, Evansville & St. Louis Consolidated R. R. Company v. Lohges.

PLEADING.—*Complaint for Damages.*—*Contributory Negligence.*— *When Sufficiently Negatived.*—The general allegation of freedom from contributory negligence is sufficient, unless the facts averred affirmatively show such negligence.

SAME.—*Action by Mother for Death of her Child.*—*Necessary Allegations as to Father.*—In an action by the mother for the death of her child, the complaint is insufficient unless it shows the father either to be dead, to have deserted his family, or to be imprisoned.

DEMURRER. — *For Want of Facts.* — *Sufficient When Cause of Action is not Shown in Plaintiff.*—A demurrer to a complaint for want of sufficient facts is well taken where the facts alleged do not show a cause of action in the plaintiff, and, where several plaintiffs join, the complaint must show a cause of action in all, or it will be bad on demurrer for want of facts.

From the Warrick Circuit Court.

· *J. E. Iglehart, E. Taylor, J. B. Handy* and *C. W. Armstrong,* for appellant.

*H. Kramer, S. B. Hatfield, J. A. Hemenway, L. B. Osborn* and *E. DeBruler,* for appellee.

GAVIN, J.—This is an action by the mother to recover damages for the death of her child, who was run over by appellant's train of cars.

The complaint was in five paragraphs, to each of which a demurrer for want of sufficient facts was filed and overruled. This action of the court is assigned for error.

The appellant questions each paragraph upon the ground

*First.* That no negligence is shown upon the part of appellant.

*Second.* That no freedom from contributory negligence is shown upon the part of the mother and child.

*Third.,* That no right of action whatever is shown in the mother, the appellee.

Counsel for appellant contend that under the allegations · of the complaint no duty of care toward the deceased rested upon appellant.

In the first four paragraphs it is shown that the deceased was a child of tender years, who was upon appellant's rail-

road track, either at a highway crossing or at a point between stations, the allegation being different in different paragraphs. After first alleging in general terms that the child's death was caused by the carelessness, recklessness and negligence of appellant, its servants and employes in charge of and in the management of its train, in failing to check and stop its train after they had learned by ringing the bell and sounding the whistle that deceased did not heed the signals nor make any attempt to leave the track, numerous details and particulars are given, and among them it is averred, that signals (whistling and ringing the bell) were given, which the child did not and could not understand, nor did it realize the danger it was in; that after the defendant's servants and employes ascertained that he could not and did not understand, and did not heed the signals given, they could have checked and stopped the train before reaching the child, but wholly failed to do so, whereby he was run over and killed, without any fault upon the part of the child or the mother with whom it resided.

We think counsel are in error in arguing that as to a child upon its track, even though a trespasser, no duty is owing save not to willfully injure it.

It is doubtless true that we have many authorities holding that as to a trespasser of mature years upon its track, who does not appear under any disability, a railroad company owes no duty except not to injure willfully, or under such circumstances of recklessness as that the law will imply willfulness. When such persons are seen upon the track, the engineers have a right to presume that they will heed the signals. *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250; *Terre Haute, etc., R. R. Co.* v. *Graham*, 95 Ind. 286.

As to children, however, a different rule applies, and the rule is thoroughly established that, after a child of tender years is seen upon the track, by those in charge of a train, there is then an affirmative duty of care owing to the child.

It would be repugnant to our natural instincts of humanity to say, that after the engineer, as in this case, had seen the child upon the track, and learned that it did not understand or heed the danger signals, he was under no affirmative obligation to lift his hand and stay the train, and thus save the child's life. *Indianapolis, etc., R. W. Co.* v. *Pitzer*, 109 Ind. 179; Beach on Contrib. Neg., section 204; *Meeks* v. *Southern Pac. R. R. Co.*, 56 Cal. 513, 38 Am. R. R. Cas. 67; *Isabel* v. *Hannibal, etc., R. W. Co.*, 60 Mo. 475; *Philadelphia, etc., R. R. Co.* v. *Spearen*, 47 Pa. St. 300; *Lake Shore, etc., R. W. Co.* v. *Miller*, 25 Mich. 274; Patterson's Railway Accident Law, section 202; 2 Wood's Railway Law, 1273–1282; 31 Am. and Eng. R. R. Cas. 415, and notes; *Kansas Pac. R. W. Co.* v. *Whipple*, 39 Kan. 531.

It is asserted by some authorities that the law goes still further, and that as to children of tender years the company may be held liable, not only where they fail to use proper care after the child is discovered, but also where they might, by the use of reasonable diligence, have discovered the child and have avoided any injury to it.

These cases proceed upon the principle that there is a general duty resting upon a railroad company to keep a diligent and careful lookout from its engines. 2 Wood's Railway Law, 1267–1283, and cases cited in Notes; *Meeks* v. *Southern Pac. R. W. Co.*, *supra*; *Texas Pac. R. W. Co.* v. *O'Donnell*, 58 Tex. 27.

There is, however, upon this proposition, a very stubborn conflict of authority, many cases holding that no duty of care arises as to an infant trespasser until it has been actually discovered. *Chrystal* v. *Troy, etc., R. R. Co.*, 105 N. Y. 164, 31 Am. and Eng. R. R. Cas., 411; *Moore* v. *Pennsylvania Co.*, 99 Pa. St. 301; *Morrissey* v. *Eastern R. R. Co.*, 126 Mass. 377; 2 Wood's Railway Law 1282, and cases cited in note.

Under the allegations of the complaint, we are not required to pass upon this latter question. The averments

are certainly sufficient to show a duty from the appellant toward the child after its servants had ascertained its presence and failure to understand and heed the signals, and an actionable neglect of that duty.

There is nothing in the facts of either of these paragraphs which is sufficient to overthrow the general allegation that both mother and child were without fault. To overcome this general allegation, the facts must show clearly and affirmatively that there was such contributory negligence as would prevent a recovery. *Citizens' Street Railroad Co. v. Spahr*, (Ind. App.) 33 N. E. Rep. 446.

The fifth paragraph lacks the averment of want of negligence of the child, but as this was probably an oversight and as all the paragraphs must be held bad for another reason, we do not deem it necessary to set out the facts in such detail as would be required to consider its sufficiency upon its merits.

In none of these paragraphs is there any allegation whatever concerning the father of the child.

The appellee's right of action must be founded upon section 266, R. S. 1881, which reads as follows:

"A father (or in case of his death, or desertion of his family, or imprisonment, the mother) may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward."

Is any right of action shown in the mother without showing the death, desertion or imprisonment of the father?

Appellee's counsel state their position thus:

"The mother, under certain conditions, may sue for the death of the child, and it is presumed she brings herself within the law. She is the mother of the child, and brings the action as such to recover damages for a wrong, and if she fails to connect herself with the wrong so as to entitle her to redress, this can not be reached by demurrers for want of sufficient facts.

"If the complaint states a cause of action against defendant

in the main facts, but fails to show a right of action ' in plaintiff, then there is a defect of parties plaintiff, and the demurrer must raise the question directly or it is waived, and can not be raised in this court."

We are unable to concur with either of these propositions.

There is no right of action in the mother to recover damages by reason of the death of her child, save by virtue of this statute. *Mayhew* v. *Burns*, 103 Ind. 328; *Louisville, etc., R. W. Co.* v. *Goodykoontz, Guar.*, 119 Ind. 111.

" The right of action is primarily in the father, but contingently in the mother." " The father, or under certain contingencies the mother, may maintain an action under this section." *Louisville, etc., R. W. Co.* v. *Goodykoontz, Guar., supra.*

Before one can recover upon a right to which he is entitled only upon a contingency, he must show the happening of the contingency. *Wheeler* v. *Hawkins, Assignee,* 101 Ind. 486.

The court can not presume, from the bringing of the action, the existence of any fact essential to the plaintiff's recovery. Under this statute no right of action is given to the mother except in case of the death or imprisonment of the father, or his desertion of his family.

A demurrer for want of sufficient facts being the fifth statutory ground under section 339, R. S. 1881, calls in question not only whether or not a cause of action is stated against defendant in favor of any one, but also whether any cause of action is stated in favor of the plaintiff, which she is entitled to sue upon and enforce. *Farris* v. *Jones,* 112 Ind. 498; *Board, etc.,* v. *Kimberlin,* 108 Ind. 449; *Frazer* v. *State, for Use,* 106 Ind. 471; *Walker, Admx.,* v. *Heller,* 104 Ind. 327; *Wilson* v. *Galey, Guar.,* 103 Ind. 257; *Pence* v. *Aughe, Guar.,* 101 Ind. 317.

"A complaint by A., which shows a cause of action in favor of B., does not state facts sufficient to constitute a

cause of action in favor of A., and a demurrer for want of facts raises the question." *Bond* v. *Armstrong*, 88 Ind. 65.

Upon the same principle it is held that to make a complaint good on demurrer for want of facts, it must state a cause of action in favor of, not a part only, but of all the plaintiffs, where several join. *Brown, Exec.*, v. *Critchell*, 110 Ind. 31.

The cases of *Shane* v. *Lowry*, 48 Ind. 205, and *Strong* v. *Downing*, 34 Ind. 300, cited by counsel, do not meet the point in issue: both are cases where there was a defect of parties defendant, being the assignors of the obligation sued on.

Nor do we think there is, between the cases of *Cleveland* v. *Vajen*, 76 Ind. 146, and *Shirk* v. *Andrews*, 92 Ind. 509, and the cases above cited, any material and necessary conflict, but if there be any apparent conflict the earlier cases must give way to the rule as established by the later authorities. It is at least questionable whether sufficient facts are set forth in the special verdict to justify the judgment even if the complaint were good. Conclusions both as to law and fact seem to be set out, and in some instances without including the facts upon which the conclusions are based. As it is necessary that the cause shall be reversed upon the ruling on demurrer, we do not deem it best to take up the consideration of the objections to the special verdict. Many, and possibly all, of the objections urged may be obviated upon another trial.

We should not, in any event, feel justified in ordering a judgment in favor of appellant upon the verdict under the circumstances of this case. *Stewart* v. *Patrick*, 5 Ind. App. 50; *Shoner* v. *Pennsylvania Co.*, 130 Ind. 170.

The judgment is reversed, with instructions to the court below to sustain the demurrer to each paragraph of the complaint, with leave to amend.

REINHARD, C. J., was not present.

Filed March 2, 1893.