MARTIN P. GJERSTADENGEN *et al. vs.* G. W. VAN DUZEN & CO.

Opinion filed June 2nd, 1898.

**Public Lands—Death of Homesteader—Patent.**

·Before a homesteader has earned a right to a patent, he has no such interest in the land as will make it a part of his estate on his death. The patent thereafter issued to the persons specified in the federal statute is issued to them, not as the heirs of the decedent, who have inherited his title, but as original parties, who are preferred by the federal statute after the rights of the original homesteader have been destroyed by death; they being allowed the benefit of his residence upon the land.

**Probate Court is Without Jurisdiction to try Title to Land.**

When a probate court orders the sale of the land of a third person to pay the debts of a decedent, such order is void for want of jurisdiction over the property. As such court has no power to sell the lands of another, and no power to pass upon the question of title, the order is void, and would be void although the real owners of the property were parties to the proceeding, and therein contested the question of title. A probate court has no jurisdiction to try such an issue.

**Mistake of Law—Estoppel—Sale of Land—Validity.**

As all the facts relating to the title of the decedent to the land sold were matters of record, and known to the purchaser at the sale (it appearing from the public records that at the time of his death the homesteader had not yet secured a right to a patent,) such purchaser cannot invoke the doctrine of equitable estoppel, as against the administrator, who petitioned for and made the sale and executed the deed, although he was also one of the persons to whom the patent for the land was issued, and therefore a part owner thereof. The case presents only a mutual mistake of the purchaser and the administrator as to the law; each believing that, under the facts, the land was part of the decedent's estate. No estoppel can be based upon such an error; there being no misstatement or concealment of any fact, and no misrepresentation as to the law.

Appeal from District Court, Ransom County; *Lauder*, J.

Action by Martin Peterson Gjerstadengen and another against G. W. Van Duzen & Co. Plaintiffs had judgment, and defendants appeal.

Affirmed.

*C. E. Pierson*, (*Pierce & Austin*, of counsel,) for appellants.

The judgment of the probate court is not open to collateral

attack. Freeman on Void Jud. Sales, § 14; Wells on Jurisdiction, § 274; *Griffith* v. *Bogart*, 18 How. 164; *Grignon* v. *Astor*, 2 How. 340; *McCarthy* v. *Van Der-Mey*, 42 Minn. 192; *Showers* v. *Robinson*, 43 Mich. 510; *Bostwick* v. *Skinner*, 80 Ill. 151; *Woods* v. *Monroe*, 17 Mich. 238; *Griffin* v. *Johnson*, 37 Mich. 92; *Davis* v. *Hudson*, 29 Minn. 34; *Lovett* v. *Mathews*, 24 Pa. St. 332; *Grignon* v. *Astor*, 2 How. 339; *Mousseau's Will*, 30 Minn. 203; Van Fleet on Col. Attack, § 552; *Roderigas* v. *East River*, 63 N. Y. 460. The action of the court in granting an order of sale is an adjudication in favor of its own jurisdiction. *Grignon* v. *Astor*, 2 How. 339; *Wyatt* v. *Steele*, 26 Ala. 650; *Peo.* v. *Gray*, 72 Ill. 347; *Curran* v. *Kuby*, 37 Minn. 331. The fee of a homestead may be sold in probate proceedings, subject to the right of homestead occupancy. *McGowan* v. *Baldwin*, 46 Minn. 477; *McCarthy* v. *Van Der-Mey*, 42 Minn. 189; *Drake* v. *Kinsell*, 38 Mich. 232. The federal homestead law does not prevent or forbid the giving of a mortgage by the homesteader prior to receiving his patent. *Lewis* v. *Wetherell*, 36 Minn. 386; *Lang* v. *Morey*, 40 Minn. 396; *Nycum* v. *McAllister*, 33 Ia. 375. An agreement to make conveyance after patent issues is valid. *Townsend* v. *Fenton*, 30 Minn. 528. Section 2296, R. S. is interpreted so as to protect the homesteader. *Lewis* v. *Wetherell*, 36 Minn. 387. The protection of the statute fairly construed extends only during time of family occupancy. Plaintiffs action is barred by the statute. Section 5856, Comp. Laws; *Streeter* v. *Wilkinson*, 24 Minn. 288.

*T. A. Curtis*, (*Morrill & Engerud*, of counsel.)

The administrator's deed under which appellants claim title is void. The probate court had no jurisdiction to authorize its issuance. Olia Mikkelson had only a right to possess the land, an incohate right which upon performance of the conditions imposed by federal law would ripen into title. Section 2289, Rev. St. U. S.; Waples on Hd. Ch. 30. In case the entryman dies, his heirs do not take the land by inheritance but upon proof that they have complied with the homestead law. *Michaelis* v.

*Michaelis,* 44 N. W. Rep. 1149; *Chapman* v. *Price,* 4 Pac. 807; *In re Kavanaugh,* 9 L. D. 268; A federal homestead is not liable to sale for debts contracted before patent. Section 2296, R. S. The probate proceedings are therefore void on their face. *Dawson* v. *Mayall,* 48 N. W. Rep. 12; *Howe* v. *McGivern,* 25 Wis. 525. This exemption of the land from sale incurred before patent does not depend upon the occupancy. *Jau.* v. *Dee,* 32 Pac. Rep. 460; *Miller* v. *Little,* 47 Cal. 348; *Sovills* v. *Seef,* 43 Ark. 451; *Russell* v. *Lowth,* 21 Minn. 107; *Coleman* v. *McCormick,* 33 N. W. Rep. 556. No lapse of time short of that required to acquire title by prescription will cure want of jurisdiction. *Hegar* v. *DeGroat,* 3 N. D. 354; *Pursley* v. *Hayes,* 22 Ia. 11; *Good* v. *Carmichael,* 32 Ia. 475; *Miller* v. *Babcock,* 29 Mich. 526; *Dawson* v. *Helms,* 30 Minn. 107; *Tray* v. *Roberts,* 43 At. Rep. 68.

CORLISS, C. J. The object of this suit is to annul certain proceedings in the probate court in and for Ransom County, which were instituted for the purpose of selling certain land, as the property of Olia Mikkleson, deceased, for the payment of her debts, and also to set aside the administrator's deed executed and delivered under the order of the court in such proceedings. The plaintiffs secured a favorable decision below. That decision meets our full approval. The proceedings were absolutely void, for want of jurisdiction. The land sold did not belong to the estate of Olia Mikkleson, deceased. She filed upon it as a homestead in her lifetime, but she died before the patent was issued, and even before her right to demand a patent had accrued. The law gave her no such interest in the land as could be transmitted by her to her heirs. Upon her death all her rights in the land under her homestead entry ceased, and her heirs became entitled, under the statute, to a patent, not because they had succeeded to her equitable interest, but because the law gave them preference as new homesteaders, allowing to them the benefit of the residence of their ancestor upon the land. It is apparent from the statute (section 2291, Rev. St. U. S.) that congress did not intend to vest in the homesteader an interest which could be inherited

under the laws of the state where the real estate might be situated, the same as other real estate, but to withold from him such interest, and specifically designate the persons who, on his death, should be entitled to secure the right which the original entryman would have obtained, had he survived. What authority there is on the point supports our view. See *Bernier* v. *Bernier*, 147 U. S. 242, 13 Sup. Ct. 244; *Chapman* v. *Price*, (Kan. Sup.) 4 Pac. Rep. 807; *Bernier* v. *Bernier*, 72 Mich. 43, 47; 40 N. W. Rep. 50. In *Bernier* v. *Bernier*, 147 U. S. 242, 13 Sup. Ct. 244, the court say: "The object of the sections in question was, as well observed by counsel, to provide the method of completing the homestead claim and obtaining the patent therefor, and not to establish a line of descent, or rules of distribution of the deceased entryman's estate. They point out the conditions on which the homestead claim may be perfected, and a patent obtained, and these conditions differ with the different positions in which the family of the deceased entryman is left upon his death." As the land did not belong to the estate of the deceased, it is obvious that the court was without jurisdiction to order the sale thereof. When the land directed to be sold is the property of a stranger, the probate court possesses no jurisdiction over such property; nor has it any power to try the question of title in such a proceeding, or at all. Should the owner of the land appear in the proceeding, and set up his title, and be defeated, it would nevertheless be true that the court would be without jurisdiction. For the statutes do not contemplate that a probate court shall hear and determine questions relating to the title to land. It has power to act only when the real estate is in fact the property of the decedent. All that it ever pretends to do in a proceeding of the character of that which is here assailed is to order the sale of whatever interest the decedent may have had in the land at the time of his death. It never assumes to decide whether he was in fact the owner thereof. Nor can it decide such question, even when voluntarily litigated before it. Such a matter is as much beyond the jurisdiction as a suit in equity is beyond the

jurisdiction of a justice of the peace; and it is familiar law that consent will not vest in any tribunal power which has been withheld from it. These principles are elementary, and we have recently had occasion to discuss them in a somewhat similar case. See *Arnegaard* v. *Arnegaard*, 7 N. D. 475, 75 N. W. Rep. 797. We fully agree with counsel for defendants that the federal statute exempting federal homesteads from liability for debts contracted before the issue of patent (section 2296, Rev. St. U. S.) does not take such homestead, after it has once become the property of the homesteader, out of the jurisdiction of the probate court, in proceedings to obtain a sale of a decedent's real estate to pay his debts. When it is established that the land did in fact belong to the decedent, then it is immaterial that it was exempt from sale for the debts for which it was ordered to be sold. The probate court in the supposed case has full jurisdiction over the property, because it forms part of the decedent's estate. Whether it shall be sold for certain debts is a judicial question, to be decided by the court, the same as any other question that arises in the course of the proceedings over which it clearly has jurisdiction. All persons who claim under the decedent, whether as heirs or as devisees, are parties to the proceedings; and they must therein assert the exemption of the land from liability to sale, if they intend to invoke the protection of the law at all. The question before the court is whether that particular land of the decedent shall be sold for debts, and all parties interested must then and there interpose any defense to a sale thereof which they may have, whether it relate to the existence of the alleged debts at all, or, conceding the claims to be valid, asserts that for such debts the land cannot be sold, because of the exemption thereof under the federal statute. It is now too late for the parties, so far as they claim the land as heirs, to insist that the property ought not to have been sold. But inasmuch as they do not in fact claim as heirs, but as independent owners, they may assail the proceedings as utterly void,

for want of jurisdiction in the probate court over the real estate with which that court assumed to deal.

Finally, it is urged that, with respect to the interest of Ole Peterson in the land, an equitable estoppel has been made out. He was one of three heirs to whom the patent was issued. He was also the administrator of the estate of Olia Mikkleson, and petitioned, as such, for the sale of the land in question, and executed the administrator's deed thereof, under which the defendants claim title. After executing such deed, he died, leaving children, who constitute a part of the plaintiffs in this case. It is contended that, so far as their rights in the land are concerned, their ancestor has, by his conduct,. estopped them from asserting such rights, against the defendants. It is undoubtedly true that if, in his lifetime, Ole Peterson created, as against himself, in respect to his interest in the land, an estoppel in favor of these defendants, his children are effected thereby. But we are unable to discover in this record anything on which the defendants' contention in this behalf can rest. Ole Peterson was not guilty of a conscious misrepresentation of fact to the purchaser at the sale. There was no concealment of fact, and no misunderstanding with respect to the facts. The facts were all matters of public record. It appeared therefrom that Olia Mikkleson had made a homestead entry on this land, but that she had not received a patent, or earned the right thereto, at the time of her death. Whether, under these circumstances, she had such an interest in the land as would make it a part of her estate on her death, was a pure question of law. Ole Peterson did not make to the purchaser any representations as to the law governing the question of title. He merely proceeded under a misapprehension as to the law, which the purchaser appears to have shared, —that the land did constitute a part of the estate of the decedent, but he did not covenant that this was so. Nor does the law imply against him such a covenant. The exact reverse is the case. The law declares to the purchaser that he must see to it, at his peril, that the proceedings are legal, and that the land does

in fact form part of the decedent's estate. Had Peterson, know-ing that he was in fact the owner of the land (if, for instance, he had held an unrecorded deed thereof,) stood by and saw it sold without protest, and certainly if he had actively participated in such sale, then we would have had before us a proper case for the application of the law of estoppel. But no such case is before us. The case merely presents a mutual mistake as to the law, the facts being known to all the parties. If it be said that the pur-chaser is protected because he did not know the law, then it may also be said that Peterson has done nothing to estop himself, for he has an equal right to plead ignorance of the law. And if, on the other hand, it be urged that Peterson is chargeable with knowledge of the law, and is therefore estopped from asserting his title, it may with equal force be answered that the purchaser is likewise chargeable with knowledge of the law, and therefore he knew that he was getting no title under his purchase, and hence cannot invoke against Peterson the doctrine of estoppel; for he who has not been misled cannot demand that the lips of another shall be sealed against the assertion of a right.

The judgment of the District Court is clearly right, and it is therefore affirmed. All concur.

### ON APPLICATION FOR A REHEARING.

In their application for a rehearing, counsel for the defendants do not assail the opinion of the court, but insist that the heirs of Ole Peterson are estopped for reasons not discussed therein. It is insisted that Ole Peterson himself could not, in his lifetime, have been heard to question the title of the defendant, because he received, as creditor of the estate of Olia Mikkleson, all of the proceeds of the sale of the land in controversy, and that inas-much as he would, if living, be estopped, his heirs are likewise estopped. If defendant's contention had any foundation in the facts of this case, we would strongly incline to the view that the estoppel had been made out. Certainly Ole Peterson could not receive and retain the proceeds of the sale of the land, knowing that they were paid by the purchaser in the belief that he was

securing a perfect title to the land, and yet be heard, in a court of equity, to assail such title. Nor would the capacity in which he might receive such proceeds be material. But unfortunately for the defendants, the record is silent on the vital question of fact, on which rests the whole of this new argument. The record does not disclose the fact that Ole Peterson ever received a dollar of the purchase price of the land, or even that he was a creditor of the estate of Olia Mikkleson. The findings of fact contain no reference to the matter, and counsel for defendants have seen fit not to settle any statement of the case, and thus bring before us the evidence. In such a condition of the record we cannot regard any assertions made by counsel touching facts which are not embodied in the findings of fact, or admitted by the pleadings. From neither source are we able to learn that Ole Peterson has ever derived any benefit from the sale which has been adjudged void.

The petition for a rehearing is therefore denied. All concur.