## WELLS & NELLEGAR COMPANY ET AL. *v.* SHORT.

[No. 7,491. Filed January 25, 1912.]

1. PLEADING.—*Joint Plaintiffs.—Complaint.*—A complaint by two or more plaintiffs is bad unless it states a cause of action in favor of each of such plaintiffs. p. 297.

2. PLEADING. — *Parties. — Joinder. — Demurrer.* — A demurrer for want of sufficient facts questions the right of the plaintiffs to sue jointly. p. 297.

3. BILLS AND NOTES.—*Assignment.—Parties.—Joinder.—Complaint.* —A complaint by the payee of a note and the assignee thereof against the maker is bad, where the complaint shows that the payee has no interest therein. p. 297.

From Starke Circuit Court; *Francis J. Vurpillat,* Judge.

Action by the Wells & Nellegar Company and another against Ezra A. Short. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*F. E. Moore, R. H. Moore* and *H. R. Robbins,* for appellants.

*Harry C. Miller,* for appellee.

LAIRY, J.—The record in this case shows that on April 13, 1908, appellant Wells & Nellegar Company, as sole plaintiff, filed a complaint in the Starke Circuit Court against appellee, based upon a promissory note dated December 22, 1896, and due July 22, 1897. This complaint showed on its face that the note sued on was barred by the statute of limitations, and a demurrer was afterwards sustained thereto and leave granted to amend. The record shows that on September 24, 1909, an amended complaint was filed by Wells & Nellegar Company and Joseph B. Bettles against appellee. This complaint avers that after the original com-

plaint was filed, the note sued on was sold and delivered to plaintiff Joseph B. Bettles, and that he has become the sole owner thereof. The amended complaint then alleges facts showing the execution and delivery of the note to Wells & Nellegar Company, and sets out a copy of the note. It is also averred that on April 18, 1898, within ten years prior to the filing of the original complaint, the defendant made a new promise in writing to pay the note sued on, and a copy of the letter alleged to contain the written promise signed by defendant is set out in the complaint. A recital of the other averments of the amended complaint is not necessary to an understanding of the points involved in this opinion.

The defendant demurred to the amended complaint for want of facts sufficient to constitute a cause of action, which demurrer was sustained by the court and the plaintiff excepted. This presents the only question on appeal.

Where there is more than one plaintiff, the complaint to be sufficient must state facts sufficient to constitute a cause of action in favor of each plaintiff. Where it fails to

1. state a cause of action as to one plaintiff it is insufficient as to all. *McIntosh* v. *Zaring* (1898), 150 Ind. 301; *Brunson* v. *Henry* (1884), 140 Ind. 455; *Frankel* v. *Garrard* (1903), 160 Ind. 209.

Where two or more persons join as plaintiffs, the demurrer for want of facts questions their right to sue

2. jointly. *Louisville, etc., R. Co.* v. *Lohges* (1893), 6 Ind. App. 288; *Steinke* v. *Bentley* (1893), 6 Ind. App. 633.

The complaint in this case clearly shows that the original plaintiff has parted with all interest in the note on which the complaint is founded. The facts stated in the

3. complaint are not sufficient to show a cause of action in Wells & Nellegar Company, and, upon the authority of the cases heretofore cited, the demurrer was correctly sustained.

Judgment affirmed.