[Civil No. 1366.   Filed May 21, 1914.]

[140 Pac. 985.]

EMMA J. HARRIS, a Minor, by Her Next Friend and Guardian *Ad Litem,* MARY A. WUPPERMAN, Appellant, v. WILLIAM H. LYON, Appellee.

1. EXECUTORS AND ADMINISTRATORS — PUBLIC LANDS — ENTRYMAN— LAND AS PART OF ESTATE.—Where a widow who had made a homestead entry on public land died before she was entitled to a patent, the land did not belong to her estate, and a decree of the probate court distributing it was void; the heirs of the widow having only a preferential right, under Revised Statutes of the United States, sections 2291, 2292 (U. S. Comp. Stats. 1901, pp. 1390, 1394), to perfect the homestead entry.

2. COURTS — DECISIONS — PRECEDENT.—In determining the conflicting rights of a minor child of a widow who, after making entry on public land, remarried and died before she was entitled to a patent, and the second husband, the construction by the federal supreme court of the federal laws governing the rights of entrymen is binding on the state courts.

3. PUBLIC LANDS—RIGHTS OF HEIRS.—A widow, after filing on public land for a homestead, remarried, and before she became entitled to

a patent died, leaving her second husband and a minor child sole heirs. Revised Statutes of the United States, section 2291 (U. S. Comp. Stats. 1901, p. 1390), declares that, in case a widow makes an entry under the homestead laws, her heirs or devisees may, upon her death, make final proof, and shall be entitled to a patent. Section 2292 (U. S. Comp. Stats. 1901, p. 1394) provides that, in case both the father and mother shall die leaving an infant child or children, the right and fee shall inure to the benefit of such infant child or children. *Held,* that, as the federal supreme court has construed these sections as giving the land to the minor children exclusively only when there were no other heirs, and the word "heirs" as meaning those capable of inheriting under the state laws, the widow's second husband was entitled to a life estate in one-third of the homestead after the issuance of the patent, for Civil Code of 1913, paragraph 1092, declares that, when any wife having title to any estate of inheritance shall die, leaving a surviving husband and children, the surviving husband shall be entitled to an estate in one-third of the land for life, remainder to the child or children.

[As to succession to rights of homesteader on his death before perfection of title, see note in Ann. Cas. 1912C, 696.]

APPEAL from a judgment of the Superior Court of the County of Yuma. Frank Baxter, Judge. Affirmed.

The facts are stated in the opinion.

Mrs. Mary A. Wupperman, for Appellant.

Mr. Thos. D. Molloy, for Appellee.

ROSS, J.—The facts briefly stated are: May Harris, the mother of plaintiff, filed under the homestead laws of the United States on the northwest quarter of section 15, township 9 south, range 23 west, G. & S. R. meridian, containing one hundred and sixty acres, in October, 1903. In 1906 she married the defendant and appellee. In 1907, and before making final proof, she died, leaving surviving her the appellant daughter and appellee husband. The appellee, after the death of his wife, continued the acts of cultivation and improvement and made final proof. Final certificate was issued March 10, and patent in June, 1913, to the heirs of the deceased entrywoman. March 31, 1913, the appellee, as administrator of the estate of the deceased entrywoman, secured a decree of the superior court of Yuma county, in probate,

determining and declaring that appellee and appellant were the surviving heirs of the deceased, and distributing said one hundred and sixty acre homestead, two-thirds in fee to appellant, and one-third to appellee for life, with remainder to appellant. A certified copy of the decree of distribution was, on April 4, 1913, caused to be filed and recorded by appellee with the county recorder of Yuma county, in Book 38 Deeds, at page 292.

In addition to the above facts, the complaint alleges that appellant was not represented in such proceedings, and had no knowledge of them; that the court had no jurisdiction to enter the decree ascertaining and declaring the heirs, or to make the distribution of the homestead; and that the certified copy of decree, as recorded, was a cloud upon her title. Prayer for vacation and annulment of decree.

The answer consisted of a general demurrer, some denials, and a counterclaim, in which appellee set forth the nature and extent of his title to one-third of the land and premises, and asked that his title to such one-third be quieted. In short, appellee claims a life estate in one-third of the land as one of the donees or patentees, just as appellant is the donee of the other two-thirds, and the other one-third subject to appellee's life estate. The case was tried to the court without a jury, and judgment entered in favor of appellee quieting his title to a life estate in one-third of the homestead. The appeal is from this judgment.

The appellant in her brief says that the question as to whether the appellee "is the owner of and entitled to an estate for life in an undivided one-third of the real property" is "the meat of the case." That is the question to which both parties have principally directed their briefs, and for that reason we shall overlook other minor points affecting the procedure, and decide the case finally on its merits.

The decree of the superior court in probate distributing the real property as part of the estate of the entrywoman was void for the reason that it was no part of her estate. The court was without jurisdiction to make the order. *Demars* v. *Hickey*, 13 Wyo. 371, 80 Pac. 521, 81 Pac. 705; *Gjerstad-engen* v. *Van Duzen*, 7 N. D. 612, 66 Am. St. Rep. 679, 76 N. W. 233. In this case, in speaking of the rights of the deceased entrywoman, the court said: "The land sold did not

belong to the estate of Olia Mikkleson, deceased. She filed upon it as a homestead in her lifetime; but she died before the patent was issued, and even before her right to demand a patent had accrued. The law gave her no such interest in the land as could be transmitted by her to her heirs. Upon her death all her rights in the land under her homestead entry ceased, and her heirs became entitled, under the statute, to a patent, not because they had succeeded to her equitable interest, but because the law gave them preference as new homesteaders, allowing to them the benefit of the residence of their ancestor upon the land. It is apparent from the statute (section 2291, U. S. Rev. Stats. [U. S. Comp. Stats. 1901, p. 1390; 6 Fed. Stats. Ann., p. 292]) that Congress did not intend to vest in the homesteader an interest which could be inherited under the laws of the state where the real estate might be situated, the same as other real estate, but to withhold from him such interest, and specifically designate the persons who, on his death, should be entitled to secure the right which the original entryman would have obtained had he survived. What authority there is on the point supports our view. See *Bernier* v. *Bernier,* 147 U. S. 242, 13 Sup. Ct. Rep. 244 [37 L. Ed. 152] ; *Chapman* v. *Price,* 32 Kan. 446, 4 Pac. 807 ; *Bernier* v. *Bernier,* 72 Mich. 43, 47, 40 N. W. 50. In *Bernier* v. *Bernier,* 147 U. S. 242, 13 Sup. Ct. Rep. 244 [37 L. Ed. 152], the court say : 'The object of the sections in question was, as well observed by counsel, to provide the method of completing the homestead claim and obtaining the patent therefor, and not to establish a line of descent or rules of distribution of the deceased entryman's estate. They point out the conditions on which the homestead claim may be perfected, and a patent obtained, and these conditions differ with the different positions in which the family of the deceased is left upon his death.' "

Section 2291, referred to, provides that, in case a widow makes an entry under the homestead law, her heirs or devisees, in case of her death, may make final proof as therein prescribed, whereupon they shall be entitled to a patent, as in other cases.

Section 2292 provides that, in case both the father and mother should die, "leaving an infant child or children under twenty-one years of age, the right and fee shall enure to the

benefit of such infant child or children. . . . '' ·In *Bernier*
v. *Bernier, supra,* it is said: ''Section 2292, in providing only
for minor heirs, must be construed, not as repealing the pro-
visions of section 2291, but as in harmony with them, and as
only intended to give the fee of the land to the minor children
exclusively when there are no other heirs.''

This construction of sections 2291 and 2292 is binding upon
this court, and if, under the laws of Arizona, the appellee, as
the surviving husband of the deceased entrywoman, is an heir
entitled to a heritable interest in any estate belonging to the
intestate, the portion of the homestead passing to him as such
heir is measured by the share he would have inherited had
the homestead been an asset of the estate.    That is, he is made,
by the federal law, the donee to that extent.    Section 2291
says, in effect, that, if a widow having filed on land shall die
before final proof and patent, her heirs or devisees shall be
entitled to the patent upon a compliance with the law.    The
patent in this case was issued to the heirs generally, the entry-
woman having died intestate, and the matter of determining
who are the heirs and their respective shares of the homestead
was left open to be decided by the law of the state.    This
is the view adopted by the Secretary of the Interior in the
case of the Heirs of May Lyon (this case), 40 Land Dec. Dept.
Int. 489.

In *Hutchinson Investment Co.* v. *Caldwell,* 152 U. S. 65,
38 L. Ed. 356, 14 Sup. Ct. Rep. 504, Chief Justice FULLER,
in discussing the word ''heirs'' as it occurs in the pre-emption
laws, and ˚in context, as in section 2291, said: ''Undoubtedly
the word 'heirs' was used as meaning, as at common law,
those capable of inheriting; but it does not follow that the
question as to who possessed that capability was thereby de-
signed to be determined otherwise than by the law of the
state which was both the situs of the land and the domicile
of the owner.    The object sought to be attained by Congress
was that those who would have taken the land on the death
of the pre-emptor, if the patent had issued to him, should still
obtain it notwithstanding his death, an object which would
be in part defeated by the exclusion of any who would have
so taken by the local law if the title had vested in him.    In
other words, Titus intended to acquire the title, and had com-
plied, or was proceeding to comply, in good faith, with the

requirements of the law to perfect his right to it, and by this statute that right could be perfected after his death for the benefit of those who would have been entitled if his death had occurred after patent instead of before. If the provision admitted of more than one construction, that one should be adopted which best seems to carry out the purposes of the act. *Bernier* v. *Bernier,* 147 U. S. 242, 37 L. Ed. 152 [13 Sup. Ct. Rep. 244].''

According to the rule here laid down, the appellant and appellee should receive interest in the homestead in the manner and proportion as defined in section 1092, Revised Statutes of Arizona of 1913, which reads as follows:

''Where any person having title to any estate of inheritance, real, personal or mixed, shall die intestate as to such estate, and shall leave a surviving husband or wife, the estate of such intestate shall descend and pass as follows:

'' (1) If the deceased have a child or children, or their descendants, the surviving husband or wife shall take one-third of the separate personal estate of deceased, and the balance of such separate personal estate shall go to the child or children of the deceased and their descendants. The surviving husband or wife shall also be entitled to an estate for life in one-third of the land of the intestate, with remainder to the child or children of the intestate and their descendants.''

The decree in the superior court in probate distributed the real property in accordance with the provisions of this section, and, while the court had no jurisdiction of the subject matter, and was without power to enter the judgment, still its record would not be a cloud on appellee's title, as it was a useless and meaningless paper correctly describing the respective interest of the appellant and appellee.

The judgment appealed from correctly decreed to appellee a life estate to one-third of the one hundred and sixty acres, with remainder to appellant.

Judgment is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

---

NOTE.—On the right of entryman to devise claim or interest in public land, see note in 34 L. R. A. (N. S.) 397.