[Civil No. 2050. Filed June 2, 1924.]

[226 Pac. 535.]

# HALE CHENOWETH, Appellant, v. EDNA Mc-DOWELL, Appellee.

1. DEATH — SURVIVING WIFE MUST ALLEGE DECEASED HUSBAND LEFT NO ESTATE.—Surviving wife suing for death of husband under Rev. Stats. 1913, §§ 3372, 3373, must allege that husband left no estate or assets other than the cause of action.

2. DEATH—SURVIVING WIFE MUST PROVE DECEASED HUSBAND LEFT NO ESTATE.—Surviving wife suing for death of husband under Rev. Stats. 1913, §§ 3372, 3373, must prove that husband left no estate or assets.

3. DEATH—GENERAL DENIAL OF SURVIVING WIFE'S ALLEGATION DECEASED HUSBAND LEFT NO ESTATE SUFFICIENT — In wife's action for death of husband, allegation of complaint that husband left no estate or assets, *held* put in issue by general denial; an affirmative allegation of defect of parties by a verified answer under Rev. Stats. 1913, § 469, being unnecessary.

4. DEATH — HOMESTEAD HELD "ESTATE" WITHIN STATUTE LIMITING WIDOW'S RIGHT OF ACTION. — Homestead left by husband *held* "estate" so as to preclude wife from suing for his death under Rev. Stats. 1913, §§ 3372, 3373, giving wife such right of action only where husband left "no estate or assets" other than the cause of action.

5. DEATH—TESTIMONY AS TO "HOMESTEAD" HELD TO REFER TO ESTATE LEFT DECEASED.—On issue as to whether husband left estate so as to disqualify wife to sue for his death under Rev. Stats. 1913, § 3373, testimony that he left a "homestead" will be considered as referring to land on which family residence is situated, in absence of showing that homestead was an entry on public domain.

6. DEATH — PERSONALTY SURRENDERED BY SURVIVING WIFE TO LIEN-HOLDER HELD "ESTATE" WITHIN STATUTE LIMITING WIDOW'S RIGHT OF ACTION.—Where husband left personal property encumbered or acquired on conditional sales' contract, the surviving spouse in order to acquire a right of action for husband's death under Rev. Stats. 1913, §§ 3372, 3373, giving wife right of action only where husband left no assets or estate, could not, by surrendering possession, vest title in seller or lienholder.

---

1. See 8 R. C. L. 809.
3. See 21 R. C. L. 566.

7. DEATH — PERSONALTY WORTH LESS THAN $300 HELD "ESTATE" WITHIN STATUTE LIMITING WIDOW'S RIGHT OF ACTION. — That personal assets of $300 or under may be summarily distributed by superior court under Sess. Laws 1919, chapter 26, does not take from such personal effects their character of being "estate or assets" of decedent within Rev. Stats. 1913, § 3373, giving surviving wife cause of action for husband's death only where husband left "no estate or assets."

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Judgment reversed with directions.

Messrs. Doan & Stephenson, for Appellant.

Mr. R. N. French and Mr. John Wilson Ross, for Appellee.

STRUCKMEYER, Superior Judge.—The appellee sued the appellant for the death of appellee's husband, Claude McDowell, by the wrongful act of the appellant. The action is based upon sections 3372 and 3373, Rev. Stats. 1913, a modified Lord Campbell's Act. The appellee, as the surviving wife, brought the action in her own name, alleging that—

"The said Claude McDowell, deceased, left no estate or assets, other than this cause of action, within the state of Arizona; that no letters testamentary or of administration have been issued in this matter in or out of any court having jurisdiction thereof; that therefore this plaintiff, the surviving wife of the said Claude McDowell, deceased, brings this action in her own name and on behalf of the estate of the said Claude McDowell, deceased, and for the benefit thereof."

This allegation was controverted by a general denial only.

At the close of the plaintiff's evidence the appellant demurred to the evidence for the reason that the evidence failed to support:

See 17 C. J. 1269, 1289, 1297, 1301 (1925 Anno.); 29 C. J. 782.

"A material allegation of the plaintiff's complaint, to wit, that the deceased, Claude McDowell, left no estate or assets, but on the contrary shows affirmatively that he did leave an estate and assets at the time of his death."

The demurrer being overruled, the appellant rested, and, a verdict having been found for the appellee, judgment upon the verdict was entered. From the judgment and from the order denying a new trial the appeal is brought.

The evidence of the plaintiff tended to show that Claude McDowell, at the time of his death, was possessed of estate and assets.

The trial court overruled the appellant's demurrer to the evidence "on account of the state of the pleadings." Therefore the questions presented to this court for determination may be stated: Is the allegation that the decedent died leaving no estate or assets, other than such cause of action, a substantive part of the plaintiff's right of recovery, and, if so, is such allegation put in issue by a general denial, or should the defendant have, by verified answer, under section 469, Rev. Stats., affirmatively alleged a defect of parties? The answer thereto must be against the appellant's contention. Section 3373 provides:

"Every such action shall be brought by and in the name of the personal representative of such deceased person; the father, or in the case of his death or desertion of his family, the mother may maintain the action for the death of a child, and a guardian for the death of his ward: . . . Provided, that in case the deceased left no estate or assets, other than such cause of action, within this state, then such action may be brought by the surviving husband or wife, in his or her own name and on behalf of the state [estate] in all cases where no letters testamentary or of administration have been issued in this state. . . . "

The cause of action is primarily in the personal representative. Only where the decedent left no estate or assets other than the cause of action, may the surviving spouse maintain such action. Without the allegation showing the existence of facts giving the right of action to the surviving spouse, the complaint would not state a cause of action in the plaintiff. It but follows that, if the allegation is an essential one, proof thereof is also essential; *a fortiori,* recovery must fail where the proof shows a state of facts negativing the right. *Martin* v. *Butte,* 34 Mont. 281, 86 Pac. 264; *Stewart* v. *Great Northern Ry. Co.,* 103 Minn. 156, 123 Am. St. Rep. 318, 114 N. W. 953; *McGinnis* v. *Car & Foundry Co.,* 174 Mo. 225, 97 Am. St. Rep. 553, 73 S. W. 586; *Vaughn* v. *Kansas City N. W. Ry. Co.,* 65 Kan. 685, 70 Pac. 602; *Chicago, R. I. & P. Ry. Co.* v. *Brooks,* 57 Okl. 163, 156 Pac. 362.

''The general denial filed by the defendant necessarily put in issue all of the material allegations of the petition essential for plaintiff to establish in order that she might recover.'' *Emmerson* v. *Botkin,* 26 Okl. 218, 138 Am. St. Rep. 953, 29 L. R. A. (N. S.) 786, 109 Pac. 531.

''In principle, there can be no reason for requiring the defendant to plead, specially, facts which amount to no more than a denial of the plaintiff's averments; or facts which it will only become material for the defendant to prove, for the purpose of rebutting, or repelling, the evidence introduced by the plaintiff.'' *Griffin* v. *Chubb,* 7 Tex. 603, 58 Am. Dec. 85.

'' . . . Any matter of fact alleged in the complaint which the plaintiff must establish to make out his cause of action may be disproved under a general denial.'' *Hilliard* v. *Insurance Co.,* 137 Wis. 208, 117 N. W. 999.

''When . . . a statute creates a liability and prescribes the person who shall have the right to enforce it, the two parts of the statute are component parts of the whole, and both are necessary to constitute the whole, and it must be done exactly in the manner and by the persons or agencies that the

statute prescribes. There can be no equivalent or other means employed.'' *McGinnis* v. *Car & Foundry Co., supra.*

'' 'The right of action is primarily in the father, but contingently in the mother.' 'The father, or under certain contingencies the mother, may maintain an action under this section.' . . .

''Before one can recover upon a right to which he is entitled only upon a contingency, he must show the happening of the contingency.'' *Louisville Ry. Co.* v. *Lohges,* 6 Ind. App. 288, 33 N. E. 449.

'' . . . The allegation of the petition that no personal representative of the estate of the deceased is or has been appointed is put in issue by an unverified denial; and if, on the trial, no proof of the fact be made, a demurrer to the plaintiff's evidence is rightfully sustained.'' Syllabus, *Vaughn* v. *Railway Co., supra.*

We have cited and quoted from but a few of the many cases that have been decided by other courts to the same effect.

The plaintiff had the capacity to sue, the right to maintain the action, depending only upon proof of the allegations of the complaint; there was not a defect of party; the defendant could, by a special and verified answer, only deny a fact the proof of which necessarily had been assumed by the plaintiff. The general denial put the plaintiff to the proof of the material allegations of the complaint, of which the allegation in question was one.

It is contended by the appellant that, part of the estate of the decedent being a homestead, such homestead was not estate of the decedent; that part of the estate of the decedent was mortgaged or sold on conditional sales contract, and surrendered by the appellee to the seller or persons holding the lien; that the remaining assets only realized upon a sale by the appellee, after the death of the decedent, $200; and that hence the estate was of a value of less than $300, and subject to summary disposition by the court. Chapter 26, Session Laws 1919.

Manifestly, this argument is without merit. The appellee testified: "He had a little property, a homestead, two horses, a wagon, a half interest in a well-drilling outfit, a cow and a calf, two mules." As to the homestead, to fix title in the surviving spouse and children, if any, an order of the probate court setting apart the homestead is necessary. Such order cannot be entered until the return of the inventory (Rev. Stats. 1913, §§ 866, 869), thus showing that even in the administration of estates of decedents, homesteads are deemed estates of decedents. Appellee relies upon *Harris* v. *Lyon,* 16 Ariz. 35, 140 Pac. 985. The evidence does not show that the homestead referred to in the testimony was an entry upon the public domain. In the absence of such showing we must consider a homestead as the home place, the land upon which the family residence is situated. Bouvier's Law Dict., Rawle's Third Edition.

As to the personal property incumbered, or acquired upon conditional sales contract, certainly the surviving spouse, as such, could not by surrendering possession to the seller or lienholder invest title in the seller or lienholder. And the fact that under chapter 26, Session Laws 1919, personal estates of decedents of $300, or under, may be summarily distributed by the judge of the superior court, does not take from such personal effects of decedent its character of being estate or assets of the decedent.

The judgment is reversed with directions to grant a new trial and to take such further proceedings as are not inconsistent with this opinion.

ROSS and LYMAN, JJ., concur.

NOTE.—Chief Justice McALISTER took no part in the decision of this case. Hon. FRED C. STRUCKMEYER, Superior Judge, sat in his place and stead.