[Civil No. 3671.   Filed February 10, 1936.]

[54 Pac. (2d) 270.]

FRANK KEEFE, Appellant, v. MARY JACOBO, on Behalf of the Estate of Jose Jacobo, Deceased, Appellee.

Messrs. Cusick & Lyons, for Appellant.

Mr. Alfred Ronstadt and Mr. Tom Chambers, for Appellee.

ROSS, J.—Mary Jacobo, as the surviving wife, brought this action against Frank Keefe for damages to her deceased husband's estate on account of injuries wrongfully inflicted upon him resulting in his death, and recovered a verdict and judgment for $5,000. The defendant brings the matter here on appeal.

The answer to the complaint was a general denial. It was also alleged that the deceased was under the influence of intoxicating liquor and, in attempting to evade arrest, fell to the street striking his head and sustaining injuries from which he died.

The action is for "death by wrongful act" and is for damages to the estate of the deceased. It is a creature of the statute commonly referred to as the Lord Campbell's Act. Sections 944, 945, 946, Rev. Code 1928. Under such statute, when there has been appointed no personal representative of the deceased, and he has "left no estate or assets" in this state other than the cause of action for his death, the action may be brought by the surviving husband or wife, in his or her own name, on behalf of the estate. The plaintiff alleged the deceased left no estate or assets,

and that no personal representative had been appointed. The defendant, at the close of plaintiff's case and at the close of the whole case, moved the court for a directed verdict on the ground that the proof showed the deceased had left an estate or assets.

It was undisputed that Jose Jacobo died seized with title to one second-hand Chevrolet automobile, 1925 model, for which some time before his death he had paid $15. It was shown by a used car dealer that such automobile had a trade-in value on a new car of $25; that as junk, without rubber, it was worth $2.50 or $3.00. This automobile, since it was acquired during coverture, was the property of the community, and the decedent's moiety was one-half of its value. The question is, Did the deceased leave "an estate or assets," in the sense in which these words are used in the statute?

In *Chenoweth* v. *McDowell*, 26 Ariz. 420, 226 Pac. 535, 536, we held that it was essential to the cause of action of the survivor under our Lord Campbell's Act, not only to allege, but to prove, that the deceased "left no estate or assets." We did not, however, define, or undertake to define, the meaning of the phrase. It appeared in that case that the deceased left "a homestead, two horses, a wagon, a half interest in a well-drilling outfit, a cow and a calf, two mules." We ruled that this evidence showed that decedent had left an estate or assets in Arizona. If the showing had been that the deceased in that case had left a half interest in a used automobile, with a trade-in value of only $25, the holding doubtless would have been different. What Jose Jacobo left was of such little value as to amount to nothing. It surely was intended that, before the surviving husband or wife should be compelled to take out letters of administration, the estate or assets left by the decedent

should consist of a substantial amount of property; something available, after paying the expenses of the last sickness and funeral expenses, for liquidating debts of the estate, or requiring distribution among the heirs. It seems to us the maxim *de minimus non curat lex* should be applied to the situation.

The court's refusal to direct a verdict on the ground stated was correct.

The other assignments, as stated by the appellant, are:

"2. That the court erred in charging the jury.

"3. That the court erred in rejecting evidence offered by defendant at the trial of said action and in admitting evidence over the objection of the defendant.

"4. That the verdict and judgment is not justified by the evidence, is contrary thereto, and contrary to law, and that the weight of the evidence is not in accordance with said judgment and verdict.

"5. That damages awarded by the jury are excessive, appearing to have been given under influence of passion or prejudice.

"6. That the court erred in questioning the plaintiff concerning her children in the presence of the jury."

We pass assignments 2, 3 and 6 as being insufficient. They do not in any respect conform to the rules of this court.

It was the theory of the plaintiff that the defendant had struck the deceased knocking him to the pavement, and that as a result the deceased's skull was fractured, causing his death. This question was submitted to the jury upon conflicting evidence, and was resolved against defendant. No complaint is made of the instructions thereon. The verdict of the jury on that question we must accept under our rules.

There is no complaint of the instructions on the measure of damages. The jury, in the possession of proper rules to guide it, arrived at the conclusion

that the deceased's estate, by reason of his wrongful death, had suffered damages in the sum of $5,000. The deceased was a common laborer, 35 years of age, earning from $30 to $40 per month, and a steady worker. His expectancy was 31 years. The present value of his earning power over a period of 31 years might or might not amount to the sum of $5,000. It was for the jury to say.

As a matter of fact, the judgment finally entered against the defendant was for $3,000; plaintiff having remitted $2,000 upon the court's indicating that otherwise the defendant's motion for new trial would be granted. We have decided several cases under the Lord Campbell's Act in which we have discussed the question of the measure of damages and the amounts of verdicts. *Arizona Binghampton Copper Co.* v. *Dickson,* 22 Ariz. 163, 195 Pac. 538, 44 A. L. R. 881; *Phoenix Ry. Co.* v. *Landis,* 13 Ariz. 80, 108 Pac. 247; *Southern Pac. Co.* v. *Wilson,* 10 Ariz. 162, 85 Pac. 401; *City of Phoenix* v. *Mayfield,* 41 Ariz. 537, 20 Pac. (2d) 296, 301. In the last case we said:

"Just what value she [decedent] might have been to her estate . . . is of course problematical. Her accumulations might have been small or considerable. The measure of damages in such a case cannot be definitely or at all accurately estimated. It was for the jury, in view of all the facts and circumstances, to determine how much her estate suffered by reason of her untimely death. We cannot say, as a matter of law, that the verdict is excessive, or that, because it seems large, the jury was actuated by prejudice and passion."

Finding no error in the trial, the judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.