JOHN H. LOFF, Respondent, v. MIKE GIBBERT and Frank Budack, as Sheriff of Richland County, North Dakota, Appellants.

(166 N. W. 810.)

**Contract — rescission — restoration of tender of consideration — precedent to right to rescind.**

1. One who seeks rescission in equity must restore or tender to the adverse party as a precedent to the right to rescind the consideration received under the contract sought to be rescinded.

**Rescission of contract — action in equity for — property or consideration — offer to return it — does not lose interest in — effective only by acceptance — by adverse party — or when rescission is adjudged — rescission not allowed — parties in same position as before.**

2. A party who brings an equitable action for rescission does not become devested of his interest in the property offered to be returned by making the offer to return it. The offer to return becomes effective only if accepted by the adverse party or when a rescission is adjudged by the court. In event a rescission is not adjudged the parties stand in the same position as though rescission had not been sought, and the property offered to be returned remains the property of the party who seeks rescission.

**Equitable estoppel — false representation of facts — concealment of facts — with knowledge — actual constructive — party to whom made — in ignorance of facts.**

3. To constitute an equitable estoppel there must exist a false representation or concealment of facts made with knowledge, actual or constructive, and the party to whom it was made must have been without knowledge or means of knowledge of the real facts.

**Truth known to both parties — means of knowledge — both parties — equitable estoppel — actual contract.**

4. Where the truth is known to both parties, or where they both have actual means of knowledge, there can be no equitable estoppel short of one arising from actual contract.

Opinion filed February 21, 1918.

NOTE.—Authorities discussing the question of duty to place other party *in statu quo* on rescission of contract are collated in a note in 30 L.R.A. 44, 45, where it is held that a party cannot rescind a contract and at the same time retain the benefits under the contract.

From a judgment of the District Court of Cass County, *Pollock, J.,* defendant appeals.

Affirmed.

*Pollock & Pollock* and *George S. Grimes,* for appellant.

A party who disclaims any title to certain personal property and suggests and in reality invites a third party to bring attachment against said property as the property of the judgment debtor of said third party, and such attachment proceedings are so instituted, is estopped to claim title to and ownership of such property thereafter. Dresbach v. Minnis, 45 Cal. 223; Kirkendall v. Davis, 41 Neb. 285, 59 N. W. 915; Easton v. Goodwin, 22 Minn. 426; Greengard v. Fretz, 64 Minn. 10, 65 N. W. 949; Staples v. Fillmore, 43 Conn. 510; Drew v. Kimball, 43 N. H. 282, 80 Am. Dec. 163; Horn v. Cole, 51 N. H. 287, 12 Am. Rep. 111; Dezell v. Odell, 3 Hill, 215, 38 Am. Dec. 628; Dewey v. Field, 4 Met. 381, 38 Am. Dec. 376; Peterson v. Woollen, 48 Kan. 770, 30 Am. St. Rep. 327, 30 Pac. 128; Zuehlke v. Stone, 148 Mich. 478, 111 N. W. 1065; Tolerton & S. Co. v. Casperson, 7 S. D. 206, 63 N. W. 908; Meister v. Birney, 24 Mich. 440.

A party having an adequate remedy at law is not entitled to injunctional protection. Minn. Linseed Oil Co. v. Maginnis, 32 Minn. 193, 20 N. W. 85.

*Engerud, Divet, Holt, & Frame,* for respondent.

The giving of a receipt to the sheriff for goods levied upon does not estop the receiptor, even while the receipt is outstanding, to deny and dispute the officer's right to the goods and to assert title in the receiptor. Barron v. Cobleigh, 11 N. H. 557, 35 Am. Dec. 505; Morse v. Hurd, 17 N. H. 250; Lathrop v. Cook, 14 Me. 414, 31 Am. Dec. 62; Penobscot Boom Corp. v. Wilkins, 27 Me. 345; Torrey v. Otis, 67 Me. 573; Dayton v. Merritt, 33 Conn. 184; Parks v. Sheldon, 36 Conn. 466, 4 Am. Rep. 95; Perry v. Williams, 39 Wis. 339; Adams v. Fox, 17 Vt. 361; Halbert v. Soule, 57 Vt. 358.

"A party giving a receipt for property seized by an officer upon execution or attachment is estopped from setting up against the officer that the property was his own, or that of any other person than the execution or attachment creditor. But the objection ceases to be binding as soon as the goods are surrendered, and leaves the obligor free to show who is the owner in any subsequent proceeding." Drake, Attachm.

§ 291; 2 Herman, Estoppel, § 635, p. 773; Johns v. Church, 12 Pick. 557, 23 Am. Dec. 651; Bursley v. Hamilton, 15 Pick. 43, 25 Am. Dec. 423; Mackay v. Holland, 4 Met. 75; Edmunds v. Hill, 133 Mass. 445; Fowler v. Bishop, 31 Conn. 562.

There is no presumption in favor of an estoppel. The party relying upon an estoppel must prove all the facts necessary to create it. Gjerstadengen v. Hartzell, 9 N. D. 275, 81 Am. St. Rep. 575, 83 N. W. 230; 2 Herman, Estoppel, § 741; Bigelow, Estoppel, 6th ed. pp. 774, 681, et seq.; Ketchum v. Duncan, 96 U. S. 659, 24 L. ed. 868; Brant v. Virginia Coal & I. Co. 93 U. S. 326, 23 L. ed. 927.

Defendant under the circumstances of this case ought to be estopped to urge any question or objection as to the propriety of hearing and deciding the merits in this form of action. Such objection must be promptly made or it is waived. Comp. Laws 1913, § 7355; 16 Cyc. 128, 133; Brown, B. & Co. v. Lake Superior Iron Co. 134 U. S. 530, 33 L. ed. 1021, 10 Sup. Ct. Rep. 604; Dan. Ch. Pl. & Pr. 555; Lewis v. Cocks, 23 Wall. 466, 23 L. ed. 70; Oelrichs v. Spain (Oelrichs v. Williams) 15 Wall. 211, 21 L. ed. 43; Whiting, McK. & Co. v. Root, 52 Iowa, 292, 3 N. W. 134; Baron v. Korn, 127 N. Y. 224, 27 N. E. 804; Ostrander v. Weber, 114 N. Y. 95, 21 N. E. 112.

"In an equitable action the defendant, in order to insist that an adequate remedy at law exists, must set it up in his answer." O'Hara v. Parker, 27 Or. 156, 39 Pac. 1004; Wilkeson Coal & Co. v. Driver, 9 Wash. 177, 37 Pac. 307; Johnson v. Huber, 106 Wis. 282, 82 N. W. 137; Hoff v. Olson, 101 Wis. 118, 70 Am. St. Rep. 903, 76 N. W. 1121; High. Inj. § 119.

But the mere existence of an adequate remedy at law is not of itself sufficient ground for refusing relief in equity by injunction, nor does the existence or nonexistence of a remedy at law accord a test as to the right to relief in equity. It must appear further that the remedy at law is plain, and that it is as practicable and efficient to secure the ends of justice and its proper and prompt administration as is the remedy in equity. Ryan v. Parris, 48 Kan. 765, 30 Pac. 172; Overton v. Warner, 68 Kan. 96, 74 Pac. 651; Stout v. LaFollette, 64 Ind. 365; Springer v. Green, 46 Cal. 73; Grant v. Cole, 23 Wash. 542, 63 Pac. 263; Funk v. Brooklyn Glass & Mfg. Co. 25 Misc. 91, 53 N. Y. Supp. 1086; Halley v. Ingersoll, 14 S. D. 7, 84 N. W. 201; Sumner v. Crawford, —

Tex. Civ. App. —, 41 S. W. 825; Natalie Anthracite Coal Co. v. Ryan, 188 Pa. 138, 41 Atl. 462.

CHRISTIANSON, J.   In December, 1913, the plaintiff Loff entered into an agreement with the Francis Merchandise Brokerage Company, whereby he agreed to exchange a section of Minnesota land for a stock of merchandise and give $5,000 to boot.   In performance of the contract, the plaintiff conveyed the land to the company and paid to it $2,500 in cash, and received shipments of goods purporting to be the merchandise described in the contract.   The plaintiff, who is a merchant at Abercombie, sold some of the goods received in the first shipment, but on receipt of the remainder of the goods he discovered that the representations of the Francis Merchandise Brokerage Company, as to the value and quality of the goods, were false and fraudulent.   Upon discovering the fraud he segregated the goods which he had received and kept the goods so segregated ready for redelivery to the company.   At the same time he commenced an action in the United States district court in Minnesota, wherein he offered to restore to the Brokerage Company the goods still in his possession and to pay the value of the goods sold.   And in such action Loff asked that the contract be rescinded and set aside, that the defendants therein be required to reconvey the land, and that the Brokerage Company be ordered and required to accept, take, and remove the goods and pay to the plaintiff the difference between the $2,500 paid by the plaintiff to the Brokerage Company and the sums received by him from the sale of part of the goods.

The defendant Gibbert had obtained a verdict against the Brokerage Company for $1,708.53 in the district court of Hennepin county on January 30, 1914.   On February 9, 1914, plaintiff's attorney, Judge Engerud, had a conversation with Grimes, Gibbert's attorney, with respect to the Francis Brokerage Company.   In that conversation the transaction between Loff and the Brokerage Company was fully discussed, and Judge Engerud informed Grimes that Loff intended to bring an action in the United States district court to obtain a rescission of the contract and a reconveyance of the land which Loff had conveyed to the Brokerage Company.   The action for rescission was commenced, February 10, 1914.   Thereafter on February 17, 1914, Grimes wrote Engerud as follows: "In reference to your suit against Francis Mer-

chandise Brokerage Company I understand that your client has re-scinded the contract and brought an action in the Federal court at Fergus Falls to recover his land, and has tendered back to the Brokerage Company the invoice of the merchandise shipped to him. Kindly advise me whether this is so, and if it will in any way prejudice your client's interest for me to levy an attachment upon these goods as the property of the Francis Merchandise Brokerage Company. If your client still has any claim upon the goods, of course I do not want to dip in or have any contest of any kind with him, but if he has rescinded the contract and does not claim any title to the goods, I would like to put an attachment upon them in favor of the claim in hand."

Judge Engerud replied to this letter on February 18, 1914, as follows: "In reply to yours of the 17th inst. will say that we have brought suit to rescind the contract with the Francis Merchandise Brokerage Company, the suit being now pending in the United States district court at Fergus Falls. The goods which we received are in the hands of our client John Loff at Abercombie, North Dakota, being held by him for the defendant, we, of course, claiming and asserting that the goods belong to the defendant and that we are ready to turn them over to the corporation. I would think, therefore, that it would be entirely proper for you to attach them as the goods of the Francis Merchandise Brokerage Company. There is certainly no objection to that course so far as our client is concerned. The goods are worth about $2,000."

The defendant Gibbert thereafter instituted an action in the district court of Cass county, and a warrant of attachment was issued therein, under which the sheriff of Richland county levied upon the stock of merchandise in Loff's possession at Abercombie. The sheriff did not remove the goods but left them in Loff's possession, taking his receipt therefor.

Gibbert obtained judgment against the Brokerage Company by default. He thereupon caused an execution to be issued, and by virtue thereof the defendant sheriff, on or about April 20, 1914, removed the goods from Loff's possession for the purpose of selling them at an execution sale, the sale being advertised to be held on May 7, 1914.

At the time the sheriff removed the goods he, at the request of Gibbert's attorney, presented to Loff, and requested that he execute, a certain instrument disclaiming "any right, title, or interest in or to" the

merchandise.   This disclaimer bears date March 2, 1914, and was prepared by Gibbert's attorney.   Loff refused to sign the paper.

Shortly after the removal of the goods the plaintiff, Loff, served upon the sheriff a notice of claim and demand, claiming ownership of the property.   In his claim the facts with respect to Loff's ownership and the pending action for rescission are fully set forth.   On the same date Judge Engerud wrote defendant's attorney are follows:

April 22, 1914.

George Grimes Esq.,
    Minneapolis, Minn.
Dear Mr. Grimes:—

Mr. Loff informs me that the sheriff of Richland county was at Abercrombie and took away the goods which he had previously attached against Francis Mdse. Brokerage Co.   I was somewhat surprised at this.   I have caused to be served on the sheriff the demand and notice, a copy of which I inclose.

As you will readily see the title to these goods depends on the outcome of the rescission suit which we now have pending in the Federal court in Minneapolis.   If that suit is decided in our favor, which I feel fairly confident it will, then of course the goods belong to the defendant in your attachment suit and they are at your disposal.   On the other hand, if the suit is decided against us, then the title to the goods is in Loff, and he will have to keep them and stand the loss represented by the difference between the value of these goods and the value of the property parted with.   Of course until that lawsuit is decided we have to maintain the *status quo*.   I trust you will recognize this situation, and not make it necessary for me to commence proceedings to restrain any disposal of the goods pending the lawsuit in question.

Yours,
                            Edward Engerud.

Mike Gibbert and the sheriff insisted on proceeding with the execution sale.   The plaintiff thereupon instituted this action to enjoin it, and a temporary injunction was granted enjoining the sale during the pendency of the action.

The action brought by the plaintiff against the Brokerage Company

for a rescission was thereafter tried. And it was found that the Brokerage Company had conveyed the land to one McGrath, a good faith purchaser for value and without notice. Consequently, the suit for rescission was dismissed. It is undisputed that the Brokerage Company was insolvent. Its officers and stockholders had absconded. In fact the concern was probably organized for fraudulent purposes.

The above facts were clearly established upon the trial of this case. The trial court made findings and ordered judgment in favor of the plaintiff. Defendant appeals from the judgment.

Appellant's first proposition is that Loff is estopped from claiming the property as against Gibbert and the sheriff. This is based on the proposition that the letter written by Engerud to Grimes encouraged Gibbert to institute the attachment proceeding. We are unable to agree with appellant's contention. It clearly appears that defendant's attorney Grimes was fully cognizant of the facts in the case; he knew that the plaintiff, Loff, had been swindled by the Francis Merchandise Brokerage Company, and that he had brought an action for the purpose of obtaining a rescission of the transaction.

It is a general rule that where a vendor has executed and delivered a conveyance of property to a purchaser, he cannot avoid the contract or conveyance at law because of the purchaser's fraud or misrepresentation, but must seek his remedy in an equitable action to rescind. 39 Cyc. 1372. It is a maxim of equity jurisprudence that he who seeks equity must do equity. 9 C. J. 1209. In applying this maxim the courts require that the one who seeks rescission in equity must restore or tender to the purchaser what he has received thereunder as a precedent to his right to rescind. 39 Cyc. 1378. And it is a well-settled principle in courts of equity that relief will never be extended to a party against his own contract without exacting from him strict justice to his adversary. 39 Cyc. 1379. In this case Loff sought to be relieved from a certain executed contract and to obtain the cancelation of a certain conveyance of real property. In order to be in position to obtain this relief in a court of equity, he must restore or tender to the adverse party the consideration received. The segregation of the goods and the offer to return them were conditions precedent to the right to rescind. The contract, however, was not rescinded until the court adjudged rescission. If it did so adjudge, the contract would be set aside and the parties

placed in their original position in respect thereto. If a rescission was not adjudged the parties would stand in the same position as though the action for rescission had not been brought.

An equitable estoppel arises when one, by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts. 16 Cyc. 722, 223. Such estoppel is said to arise when, in good conscience and honest dealing, a party ought not to be permitted to gainsay a fact asserted by him. Ridgway v. Morrison, 28 Ind. 203. The doctrine of estoppel is derived from the courts of equity, and is interposed to prevent injustice and to guard against fraud. "It will be allowed to shut out the truth only where necessary to do justice, *and never where it would itself operate as a fraud or work injustice.*" 16 Cyc. 724, 725.

To constitute an equitable estoppel, "there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts, and the party to whom it was made must have been without knowledge or the means of knowledge of the real facts." 16 Cyc. 726.

"There can be no equitable estoppel short of one arising from actual contract, where the truth is known to both parties or where they both have equal means of knowledge." 16 Cyc. 741.

Manifestly the facts in this case do not establish an equitable estoppel. Here there was no misrepresentation of material facts, or misrepresentation of facts at all. Gibbert's attorney (Grimes) was fully informed of the facts. If any mistake was made it was with respect to the legal conclusion drawn from the facts. Clearly he was not misled or deceived so far as the facts were concerned. He even deemed it necessary to have the sheriff obtain from Loff a disclaimer or release of any and all interest Loff had in the goods. If the action for rescission had terminated in plaintiff's favor, then the goods would have belonged to the Brokerage Company and the attachment of the defendant Gibbert would doubtless have been good. The effect of the attachment was pivoted upon the outcome of the rescission suit. Inasmuch as the rescission suit was determined adversely to the plaintiff, the property attached did

not become the property of the Brokerage Company, but remained the property of the plaintiff, Loff, and consequently it was not subject to attachment for a debt of the Brokerage Company.

Appellant's next contention is that the plaintiff had an adequate remedy at law and consequently was not entitled to an injunction restraining the sheriff from selling the property.

We do not believe the point to be well taken. In the first place the question was not seasonably raised in the trial court. In the second place "the aid of an injunction is frequently sought for the purpose of preventing a threatened sale of one's property under execution against a third person. While the authorities are not wholly uniform or reconcilable on this question, the better rule, and that having the clear weight of authority in its support, undoubtedly is that, where one's personal property is being taken in execution to satisfy the debt of another, equity may interfere for the purpose of retaining the property in specie, notwithstanding the remedy at law for the recovery of the property or of damages for its detention (High, Inj. § 119. See also §§ 30 and 370).

Appellant also contends that there is no evidence in the case showing Loff to be the owner of the property or entitled to possession thereof; and that there is no evidence supporting the findings of the trial court that Loff was holding the merchandise pending the outcome of the action in the Federal court in order to be able to surrender the property to the Brokerage Company, in event a rescission of the fraudulent transaction was decreed. These contentions are wholly devoid of merit. There is absolutely no dispute about the facts in this case with respect to the ownership of the goods. It is undisputed that Loff received them from the Brokerage company in a certain trade. In his petition in the action in the Federal court he pleaded the facts with respect to the receipt of the goods, and the subsequent segregation from other goods in his store, and offered to return them to the Brokerage Company. The only deductions which can possibly be drawn from the evidence are the ones which were drawn by the trial court.

The judgment appealed from must be affirmed.

It is so ordered.