ELLA COYKENDALL, Appellant, v. EMMA M. KELLOGG and Ramsey County National Bank, a Corporation, Respondents.

(198 N. W. 472.)

**Contracts — liens — mortgages — agreement for life support of grantor and another sufficiently definite to constitute contract; acceptance of deed binds grantee to perform contract therein contained for life support of grantor and another; deed in consideration of life support of grantor and another absolute conveyance; grantor in deed has valid lien on lands conveyed to insure performance of incorporated contract for life support.**

1. The plaintiff and appellant, Coykendall, executed ,and delivered a warranty deed of certain lands to her sister, the defendant and respondent Kellogg. This deed recited a consideration of "one dollar and other considerations," and further recited "and party of the second part (Kellogg) agrees to support party of the first part (Coykendall) and their mother during their lifetime, and the hereby granted lands shall stand as security therefor." In fact, the real and only consideration was the agreement of the grantee to support the grantor and their mother as set out in the deed. *Held:*

a. That the agreement was sufficiently definite and certain to constitute a contract.

b. The grantee having accepted such deed, thereby bound herself to perform the contract of support for which it was given.

c. That the conveyance was an absolute one.

d. That the grantor had a valid lien upon the lands conveyed to insure the performance of the contract to support.

**Deeds — equity — court of equity acquiring jurisdiction will retain it, and do complete justice therein.**

2. A court of equity having acquired jurisdiction over the subject matter of a controversy will retain it and do complete justice between the parties.

**Disposition of cause.**

3. For reasons stated in the opinion, the case is remanded for a determination of the questions as to whether there has been a substantial breach of the contract to support, and if any breach be found, as to the amount the plaintiff is entitled to receive on account thereof and the amount that she shall be entitled to receive under the contract in the future.

Opinion filed April 5, 1924.

Note.—(2) Retention of jurisdiction by court of equity to render complete decree, see 10 R. C. L. 370; 2 R. C. L. Supp. 1007; 4 R. C. L. Supp. 663; 5 R. C. L. Supp. 552.

Appeal and Error, 4 C. J. § 3239 p. 1199 n. 27. Contracts, 13 C. J. § 160 p. 322 n. 65. Deeds, 18 C. J. § 42 p. 162 n. 45; § 46 p. 166 n. 21; § 381 p. 361 n. 5. Equity, 21 C. J. § 117 p. 134 n. 5. Liens, 37 C. J. § 19 p. 316 n. 78. Mortgages, 27 Cyc. p. 1010 n. 67.

Appeal from the District Court of Ramsey County, *Buttz*, J.

Remanded for retrial.

*Cuthbert & Adamson*, for appellant.

"A deed of bargain and sale, without consideration, is inoperative, and vests no estate in the grantee. A deed of bargain and sale, the only consideration expressed in which is, that the grantee shall support the grantor during his natural life, is void; for, the deed not being executed by the grantee, and there being no agreement on his part to support the grantor, there was nothing to bind him to do it; and the deed is merely conditional, giving an option to the grantee to support the grantor, or to suffer it to become void by withdrawing his support, and thus is without consideration." Jackson v. Florence, 16 Johns. 47.

"In order to have a complete enforceable contract there must be a meeting of the minds of the parties upon the common ground of a mutual understanding of facts and of subject matter. Not only must the parties understand alike but their contract must afford a complete expression of their meeting of minds and leave no material element unexpressed. Offer and assent must coincide and the result must be a complete contract." 7 Am. & Eng. Enc. Law, 2d ed. 138.

"Where no reasonable certain basis can be ascertained from a contract on which to assess damages for breach such contract is void for uncertainty." Faulkner v. Drug Co. (Iowa) 90 N. W. 585.

Contracts for employment which fail to specify the remuneration to be received or the kind of work to be performed are universally held to be uninforceable as being void for uncertainty. 48 L.R.A. (N.S.) 436.

"Equity will not specifically enforce the mere basis of an agreement, nor the agreement itself, unless it is complete and certain as to parties, price, subject matter, etc." Los Angeles Asso. v. Phillips, 58 Cal. 539.

See Parsons on Contracts, 7th ed. vol. 3, p. 355. "While the mere form of the contract is comparatively immaterial, it must be *definite and certain.*"

"Contracts for support made by and in favor of persons of declining years . . . upon adequate consideration should receive a liberal construction in favor of the obligees and must be understood as entitling them to be supplied with adequate food, clothing and other necessaries." 6 R. C. L. 872, § 259.

*Sinness, Duffy & Wheeler,* for respondents.

"Ordinarily the word 'support' in a contract providing for support is not to be construed in a restricted sense. It comprehends a reasonable and comfortable maintenance, suitable to the estate, the mode of living, and the habits of life of the person to be supported." 6 R. C. L. 872.

"If there is no express direction where or how the support should be furnished, the person entitled to receive it is held to have a right to require it to be furnished at any place he may select, if it can be supplied there without needless or unreasonable expense." 18 C. J. 371.

" 'Support,' as used in a will by which a husband gave his wife, in lieu of dower, a decent and comfortable support out of his estate, in sickness and in health, during her lifetime, does not mean such sum as would be requisite to support her in a boarding house, but means a sufficient amount to maintain her in housekeeping at the place of her residence and in the manner to which she had been accustomed while living with her husband." Tolley v. Green, 2 Sandf. Ch. 91.

"An undertaking whereby one agrees to 'support' and 'take care of another' is to be construed according to the various circumstances of the party, and does not necessarily imply that the person to be supported is not to use any exertions to support himself." Bull v. McCrea, 8 B. Mon. 422, 425.

The word "support" is sufficiently definite in transactions of this kind.

To "reside with and care for them for the balance of their lives." Torgerson v. Haugen, 34 N. D. 646.

"The grantee's undertaking to support the grantor when made by a present agreement, becomes binding on the grantee by his acceptance of the deed, and constitutes a valuable consideration, which is sometimes expressed and secured by a mortgage back from the grantee." 8 R. C. L. 927.

"So where land is conveyed by deed poll with a reservation or provision that the grantee shall perform a certain service for the benefit of the grantor, and the grantee accepts the deed, he is bound to perform the service." 18 C. J. 367.

"A grantee by accepting the deed and entering into possession under it is bound by the agreement providing for the support of the grantor;" and numerous cases cited. 13 L.R.A. 640, note.

NUESSLE, J. The plaintiff and appellant, Ella Coykendall, and the defendant and respondent, Emma Kellogg, are twin sisters. At the time this action was begun, they were seventy years of age. The plaintiff owned a house and several lots in town where she and the defendant and their mother, a very old lady who was an invalid, lived. The plaintiff also owned a half section farm nearby. Her mother had deeded her the house and a quarter of this land in 1906. The defendant also owned a half section of land adjacent to that of the plaintiff. The sisters and their mother had lived together in the plaintiff's house since 1906, each contributing as they were able and as was required to the common purse. The plaintiff was weakly, the defendant strong and vigorous. During the summer season the defendant usually lived on her farm. She attended to the management of her farm and the farm of the plaintiff. In February, 1918, the plaintiff proposed that if the defendant would agree to support the plaintiff and their mother for the remainder of their lives that plaintiff would convey to the defendant her half section. This was agreeable to the parties and to their mother as well; and accordingly, a warranty deed to the premises in the usual form and reciting a consideration of "one dollar and other considerations" was executed and delivered by the plaintiff to the defendant. This deed was recorded by the defendant. It contained the usual covenants of warranty, etc., and among these covenants was inserted this recital, "and party of the second part (Kellogg) agrees to support party of the first part (Coykendall) and their mother during their lifetime, and the hereby granted lands shall stand as security therefor." This provision was embodied in the deed at the suggestion of the defendant for the protection of the plaintiff. There was no other writing. At the time this conveyance was made, there was an unsatisfied mortgage against the land for $1,500. At the

time the plaintiff had a little money in the bank and the defendant had a little money. The mother died in June, 1918. The sisters continued to live together as theretofore until August, 1922, when they had a disagreement, and shortly thereafter this suit was started.

It appears that shortly after the land was transferred to her, the defendant went into the use and occupation of the same. She regarded it as her own, mortgaged it and made a will devising it with her other land. She rented it and appropriated the proceeds of the crops. She made various improvements thereon and paid the bills, including taxes and interest. She used, with the plaintiff's consent, moneys from the plaintiff's account in the bank at various times, and also at various times deposited moneys therein to plaintiff's credit. It appears that she deposited more than she used. The testimony is uncertain and indefinite as to the amounts thus used or deposited. The defendant testifies that prior to the time when the land was transferred, she had contributed toward the common support of the parties about $10 a month; that thereafter she contributed what was required. The plaintiff testifies that at once the deed was given the defendant became exacting and unreasonable; that she failed to provide plaintiff with suitable food, clothing and care, and treated her harshly and unkindly. She claims that the defendant wholly failed to comply with the agreement to support her and her mother during the latter's lifetime. Therefore, she brings this action. She asks in the way of relief that the deed be cancelled and set aside; that the defendant be required to account for the rents and profits of the land during the time she has been in possession; and that she, the plaintiff, have such other relief as may be agreeable to equity.

The Ramsey County National Bank is made a party defendant by reason of the fact that subsequent to the conveyance to the defendant Kellogg, Kellogg mortgaged the premises to the bank to secure the payment of $2,500. It appears that $1,605 of this amount was used in paying off the prior encumbrance on the land with interest.

Plaintiff contends that the deed from her to the defendant is void; that the arrangement between the parties as to the support of the plaintiff and their mother was so indefinite and uncertain as to not amount to a contract; that there was no consideration for the deed; that the defendant was not a party to the deed, and therefore, not bound to

perform the contract for support; that defendant has not performed; that the defendant holds the land in trust for plaintiff, and must account for the rents and profits thereof.

The defendant contends that the conveyance to her was valid; that it was an absolute conveyance, and was intended as such; that the plaintiff has a lien on and against the premises conveyed to secure the performance of the contract to support; that the defendant accepted the deed, entered into the possession of the premises thereunder, has at all times reasonably performed according to the terms of the agreement, and is ready and willing and offers to continue in such performance.

The trial court found in favor of the defendants; that the deed was, and was by the parties intended to be, an absolute conveyance of the fee to the defendant, subject, however, to a lien or charge in favor of the plaintiff for the carrying out of the contract to support the plaintiff and her mother; that the agreement was sufficiently definite and certain to constitute a contract; that by its terms, the plaintiff was entitled to receive and the defendant required to furnish reasonable support consistent with the needs of the plaintiff and her mother and their condition in life, having in view all the facts and circumstances at the time the contract was entered into, the age of the parties, their surroundings, and the manner in which they had lived prior thereto; that by the acceptance of such deed, the defendant became obligated to carry out and perform such agreement; that the mortgage to the defendant bank was a first lien upon the premises to the extent of $1,605 only; that as to the excess of the bank's mortgage above $1,605 the same was subject to the lien of the plaintiff. The court further held that since the conveyance was an absolute one, the plaintiff was not in any event entitled to a cancellation of the deed, but must be relegated to an action for relief under her lien in case of a breach of the contract to support. The court, therefore, refused to pass upon the question as to whether or not there had been a breach of such agreement, and left that to be determined in a later action.

Judgment was thereafter entered in accordance with such findings. Thereupon the plaintiff perfected this appeal, demanding a review of the entire case and a trial de novo thereof. We take it that the ap-

pellant makes no point as to the judgment in favor of the defendant bank, and that matter will, therefore, receive no further consideration.

We think that the plaintiff has no ground for her contention that there was no good and sufficient contract. The record sufficiently warrants the court's finding in that regard. From their very nature, contracts for support must remain more or less indefinite and uncertain. It seems to us that the trial court rightly held that the parties entered into this contract having in contemplation all the circumstances as they had theretofore existed, the manner in which the parties had lived, the plane of living that they had maintained, the conduct and course of their lives during the previous years of their relationship, and that as a matter of law, the support contemplated was such as would be reasonably fair and sufficient considering the needs of the plaintiff and her mother in the light of all of these circumstances. As to what and how much in the way of support should be furnished, that could and can be made definite and certain according as time and occasion requires.

In any event, it is sufficient to say that the conveyance of the land in question was made to the defendant; that the defendant accepted the same. The plaintiff relies particularly on the case of Jackson ex dem. Allen v. Florence, 16 Johns. 47, wherein a deed given in consideration of an agreement to support was held bad as without consideration. It must be remembered in this connection that under our statute, consideration is not essential to the validity of a voluntary transfer. See Comp. Laws, 1913, § 5489; Bernardy v. Colonial & U. S. Mortg. Co. 17 S. D. 637, 106 Am. St. Rep. 791, 98 N. W. 166. See also 18 C. J. p. 162. It is to be noted also that the New York court itself long ago in effect repudiated the doctrine of the case of Jackson ex dem. Allen v. Florence. See Spalding v. Hallenbeck, 30 Barb. 292. And generally, it is held that an agreement by the grantee to support the grantor is a sufficient consideration for a deed. See Devlin, Real Estate, § 807 and cases cited; Jones, Real Prop. in Conveyancing, § 274 and cases cited; 8 R. C. L. p. 927; 18 C. J. p. 166 and cases cited at note 21. And the grantee who accepts such a deed thereby binds himself to perform the contract of support for which it is given, whether the same be contained in the instrument or not, and whether it be oral or reduced to writing. See Devlin, Real Estate, and

Jones, Real Prop. in Conveyancing, supra; 8 R. C. L. p. 927; Bruer v. Bruer, 109 Minn. 260, 28 L.R.A.(N.S.) 608, 123 N. W. 813; Kelsey v. Kelley, 13 L.R.A. 640 and note (63 Vt. 41, 22 Atl. 597). We think there can be no question but that the deed executed and delivered by the plaintiff to the defendant was valid and effective, and absolutely conveyed the premises therein described, but that the plaintiff had a lien or charge upon the premises to insure the performance by the defendant of her obligation to support.

The trial court in effect held that since the conveyance thus made from the plaintiff to the defendant was an absolute conveyance of the fee title that no cancellation thereof could be had even though there was a failure on the part of the defendant to carry out and perform the contract of support. For that reason the trial court did not pass upon the question of whether or not there had been a breach of such agreement. In this case there was no fraud unless fraud can be predicated upon a subsequent failure on the part of the defendant to carry out and perform the contract of support. On the facts here the trial court properly held that there could be no cancellation. See Bruer v. Bruer, 109 Minn. 260, 28 L.R.A.(N.S.) 608, 123 N. W. 813; Dixon v. Milling, 43 L.R.A.(N.S.) 916 and note (102 Miss. 449, 59 So. 804); Abbott v. Sanders, 80 Vt. 179, 130 Am. St. Rep. 974, 66 Atl. 1032, 12 Ann. Cas. 898, 13 L.R.A.(N.S.) 725 and notes; 5 Pom. Eq. Jur. § 2108 (Pom. Eq. Rem. § 686) and cases cited.

In the instant case, however, it was the intention of the parties expressed in the deed that the plaintiff grantor should have a lien or charge upon the premises conveyed to insure the performance by the defendant of her obligation. It is, therefore, not necessary for the plaintiff to vindicate her rights at law. Neither is it necessary for a court of equity to resort to any illogical expedient to justify a grant of any relief that justice requires the plaintiff have. The action is in equity. In her complaint the plaintiff sets out the fact of the agreement to support, the conveyance in pursuance thereof, the occupancy of the premises thereunder by the defendant, the breach of the agreement, and in addition to the specific relief prayed for, she asks general equitable relief. We think that the pleadings and prayer are sufficiently broad to require the court, when the controversy was submitted to it, to take and retain jurisdiction to the extent necessary to award the

plaintiff such relief as she might establish she was entitled to on account of the failure to perform on the part of the defendant. The court, having acquired jurisdiction, will retain it and do complete justice between the parties. Schmidt v. Johnstone, 31 N. D. 53, 153 N. W. 293; Patton v. Nixon, 33 Or. 159, 52 Pac. 1048. It is true that the evidence touching the matter of the breach is somewhat vague and indefinite, and it is likewise true that there is but little evidence tending to establish the monetary value of the performance required on the part of the defendant thereunder. Nevertheless we do not believe that the case should be dismissed, and the plaintiff compelled to seek redress in a new action.

The case is here for a review and trial de novo. The state of the evidence is such that we are in doubt as to what disposition should be made of the matter. We have not the aid of any finding of the trial court as to whether or not there has been a breach of the agreement to support, nor is there any finding as to what amount in dollars and cents will be required to reasonably comply therewith, considering conditions as they now exist. The record is unsatisfactory, viewed from either side, insofar as these matters are concerned. It should be possible for both parties, if they so desire, to produce further and additional testimony. We think, under the circumstances, that justice requires that the case be remanded for the taking of such further testimony as the parties may see fit to produce in order to enable the trial court to make a disposition of the same consistent with our holding herein. See Hassen v. Salem, 48 N. D. 592, 185 N. W. 969; King v. Tallmadge, 45 N. D. 530, 178 N. W. 280 and cases cited.

It is, therefore, ordered that the cause be remanded for a retrial on the questions as to whether or not there has been a substantial breach of the contract to support, and if any breach be found, as to the amount the plaintiff is entitled to receive on account thereof, and the amount that she shall be entitled to receive under the contract in the future. The trial court, if it find a breach, will determine the amount that the plaintiff is entitled to receive on account of the past non-performance, and fix the amount that she shall receive in the future, payable at such time or times and in such installment or installments as justice may require and permit, and enter judgment that in default of such payments or any of them being made as the court shall direct,

50 N. D.—55.

the title to the said premises be reinvested and quieted in the plaintiff, Ella Coykendall, upon such terms as the trial court may prescribe, subject to the lien of the mortgage of the defendant, The Ramsey County National Bank, as adjudged by the trial court herein; provided, however, that the trial court shall retain jurisdiction to modify its orders and judgment as changing conditions may require. The appellant will recover the costs of this appeal. Costs of the action in the district court will abide the result of the final judgment.

BRONSON, Ch. J., and JOHNSON and CHRISTIANSON, JJ., concur.

BIRDZELL, J., not participating.