[File No. 6427.]

BERTHA EDMAN THOMPSON, Appellant, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Respondent.

(268 N. W. 710.)

Opinion filed August 8, 1936.

*Lee F. Brooks,* for appellant.

*P. O. Sathre,* Attorney General, and *Milton K. Higgins,* Assistant Attorney General, for respondent.

MORRIS, J. The plaintiff was awarded compensation by the North Dakota Workmen's Compensation Bureau at $9.45 per week because of the death of her husband. On March 7, 1932 she was given a partial lump sum payment amounting to $1269.64 which sum was arrived at by deducting from her weekly allowance $1.71 per week for her life expectancy, which was 20.91 years. Thus her weekly allowance was reduced from $9.45 per week to $7.74 per week, which she received until her marriage on January 10, 1933. Upon her marriage she was entitled to receive a lump sum equal to 156 weeks' compensation. Section 396a3 (a), 1925 Supplement to Compiled Laws. In computing the amount, the bureau figured 156 weeks at $9.45 per week, which made $1474.20 from which it deducted $1194.40 (being that portion of the partial lump sum settlement which had been paid her for compensation not yet accrued) leaving a balance which was paid to her of $279.80.

The plaintiff sought a writ of mandamus to compel the bureau to pay without deduction the full amount of 156 weeks' compensation. From the order and judgment of the district court dismissing the petition and denying the writ, this appeal is taken.

Both parties assert that the bureau had no legal authority to make the partial lump sum payment of $1269.64 on March 7, 1932. The bureau contends that when the plaintiff married and became entitled to a settlement based on 156 weeks' compensation, that the portion of the partial lump sum payment which represented compensation not yet accrued should be deducted from the marriage settlement, while the plaintiff urges the strict wording of the statute and contends that thereunder no deductions should be made from the 156 weeks' compensation therein provided for in event of marriage.

In support of her position the plaintiff cites Dutka v. Bankhead Mines, 23 D. L. R. 273, and Victor Mills v. Shackleton [1912] 1 K. B. 22, 5 B. W. C. C. 30—C. A. Both of these cases involve disability payments. Awards were made for certain weekly amounts. Later lump sum settlements were sought and the court in both cases held

that the lump sum settlement should be computed without reference to the weekly award previously paid. In this case the respondent does not seek to deduct from the lump sum marriage settlement the weekly payments which the plaintiff had received, but only such sum as she had received in excess of the weekly award to which she was entitled.

The plaintiff also cites Miller v. Tate Tile & Silo Co. 168 Minn. 512, 209 N. W. 630. That case is not in point. The widow had made no lump sum settlement, but had been awarded compensation in the sum of $7500.00 payable at the rate of $8.40 per week. She later remarried and under the Minnesota Workmen's Compensation statute was entitled to "receive a lump sum settlement equal to one half of the amount of the compensation remaining unpaid." The court held that the industrial commission was not authorized to compute the settlement on a commuted basis, but must pay in full one half of the remaining portion of the award.

The plaintiff has received an amount equal to that which she would have received if she had not taken the partial lump sum payment, but had been paid the full award of $9.45 per week up until her marriage, and had then obtained the lump sum marriage settlement based on 156 weeks' compensation, as provided by statute. The position of the plaintiff is that since the bureau had no right to make this settlement no part of it can be charged against any sums to which she might thereafter be entitled, and that she should receive 156 weeks' compensation upon her marriage regardless of any sum which she might have previously received in excess of that which was legally due her. She has now obtained all that the law provided she should receive although payment of a portion of her compensation was not made at the time which the law contemplated. Although the bureau may have made a mistake when it paid her a portion of the compensation at a time when and in a manner which the law did not authorize, we will not require the bureau now to make the further mistake of paying her more than she is lawfully entitled to.

Correspondence with the bureau indicates that when the plaintiff inquired regarding her marriage settlement that the chairman and the chief claim clerk overlooked the fact that the plaintiff had been paid a partial lump sum, and because of such oversight misadvised her as to the amount which she would receive in event of her marriage. The

plaintiff contends that through this error she was led to believe that she would receive 156 weeks' compensation without deduction, and that the bureau is now estopped from deducting any part of the former lump sum payment, and is bound to pay her the full amount of the marriage settlement without regard to any amount formerly paid.

The doctrine of equitable estoppel which the plaintiff seeks to invoke is essentially one of good conscience. It does not permit a litigant to assert that he was misled by another's error when the real facts were open for his convenient ascertainment. The situation in this law suit does not arise from the mistake of law even though the payment of the partial lump sum settlement be considered such a mistake. It arises from the fact that when the plaintiff inquired regarding the marriage settlement the bureau overlooked the payment which had previously been made to her, and did not advise her that such payment would be taken into consideration in computing the sum which she would receive as a marriage settlement. There was no conscious misrepresentation. The powers and duties of the bureau are defined by statute. Those ·who deal with it are presumed to know the law concerning its powers and limitations. The plaintiff knew that she had received a partial lump sum settlement. Her knowledge of the facts in this regard was the same as that possessed by the bureau. "To constitute an equitable estoppel, 'there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts, and the party to whom it was made must have been without knowledge or the means of knowledge of the real facts.' 16 Cyc. p. 726." Loff v. Gibbert, 39 N. D. 181, 166 N. W. 819. See also, Gjerstadengen v. Van Duzen & Co. 7 N. D. 612, 76 N. W. 233, 66 Am. St. Rep. 679.

The so called partial settlement was, in fact, an advance of $1.71 per week on compensation awarded but not yet due. The plaintiff, by her marriage, terminated her right to weekly payments and the law substituted therefor a marriage settlement equal to 156 weeks' compensation. When the weekly payments were thus terminated, she had been overpaid $1194.40. This sum was properly deducted from the marriage settlement.

Affirmed.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.